## HOLLOWAY *v.* DUNHAM.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF OKLA-
HOMA.

No. 247.   Argued May 4, 1898. — Decided May 23, 1898.

On an appeal from the judgment of the Supreme Court of a Territory, the findings of fact are conclusive upon this court.

One general exception to thirteen different instructions cannot be considered sufficient when each instruction consists of different propositions of law and fact, and many of them are clearly correct.

THIS action was brought in a district court of the Territory of Oklahoma to recover the value of certain goods sold and delivered by the plaintiffs (defendants in error here) to the defendant below, amounting to the sum of $5004.58, the sales having been made between the 1st of November, 1890, and the 10th of March, 1891, and the defendant at the time of the sales being a resident of Fort Worth in the State of Texas. At the time of the commencement of the action plaintiffs also commenced attachment proceedings against the defendant on the ground that he was at that time a non-resident of the Territory of Oklahoma, and also on the ground that he was about to sell, convey and otherwise dispose of his property subject to execution, with a fraudulent intent to cheat, hinder and delay his creditors.

The defendant filed an answer, denying the plaintiffs' complaint, and also one denying each and every material allegation contained in the plaintiffs' petition and affidavits for an attachment.

Under the practice in Oklahoma there were two issues thus made: one in regard to the existence and amount of defendant's indebtedness to the plaintiffs, and the other as to the facts upon which the attachment could be sustained. These two separate issues came on for trial on the 16th of June, 1892, before the district court and a jury, and after the evidence was in the court submitted to the jury the two issues, and directed a separate verdict to be returned in regard to each issue. The jury returned the following verdicts:

"We, the jury, duly empanelled and sworn in the above case, find for the plaintiff on the attachment issue.

"EUGENE WALKER, *Foreman.*"

"We, the jury, duly empanelled and sworn in the above-entitled case, find for the plaintiffs and assess their damages at $5434.61.

"EUGENE WALKER, *Foreman.*"

At the request of the defendant the court also submitted to the jury the following questions in writing:

(1) "Was J. R. Holloway, on the 31st day of October, 1891, about to sell and convey or otherwise dispose of his property subject to execution, with the intent to cheat, hinder and delay his creditors?"

(2) "Was J. R. Holloway, on the 31st day of October, 1891, a non-resident of Oklahoma Territory?"

The jury returned an affirmative answer to each question. Judgment was entered for the amount of the verdict.

The defendant appealed to the Supreme Court of the Territory where the judgment was affirmed, and thereupon he obtained a writ of error from this court, and the record is now here for review.

*Mr. Fred Beall* for plaintiff in error. *Mr. Amos Green* and *Mr. C. M. Green* were on his brief.

*Mr. Selwyn Douglas* for defendants in error. *Mr. McGregor*

*Douglas, Mr. W. W. Dudley* and *Mr. P. T. Michener* were on his brief.

MR. JUSTICE PECKHAM, after stating the facts, delivered the opinion of the court.

This is a very confused record. There would seem to be two bills of exceptions, one containing the evidence and the other reciting certain exceptions, but containing no part of the evidence taken upon the trial. Both seem to have been signed by the judge who tried the case, while neither purports to have been signed by him until months subsequent to the day of trial.

The bill of exceptions containing the evidence is the first bill set forth in the record, and the other bill follows it. It is not material here which bill may be regarded as the regular one, because on an appeal from the Supreme Court of a Territory we cannot examine the evidence as to its weight or sufficiency, and the findings of fact are conclusive upon this court. *Harrison* v. *Perea*, 168 U. S. 311, and cases cited.

There are left only the exceptions to rulings on the admission or rejection of evidence and those taken to the instructions of the court to the jury. The former are not particularly urged, and the latter are substantially confined to two. They arise upon the instructions of the court to the jury in regard to what is sufficient proof of non-residence, and also as to the number of the jury necessary to agree upon a verdict.

The jury found for the plaintiffs on the attachment issue, and also for the plaintiffs in the main action, and assessed their damages at $5434.61. In addition to that the jury found that the defendant on the 31st of October, 1891, was about to sell and convey or otherwise dispose of his property subject to execution, with the intent to cheat, hinder and delay his creditors, and also that on the 31st day of October, 1891, he was a non-resident of Oklahoma Territory.

Without at this moment considering whether the exceptions taken to the charge of the judge were sufficiently and

properly taken, we think it is not material now to inquire as to the correctness of the charge of the court in relation to the question of defendant's non-residence. If he were a non-resident when the attachment was issued it could be sustained on that ground. But it could also be sustained if at the time it was issued the defendant was about to sell and convey or otherwise dispose of his property subject to execution, with the intent to cheat, hinder and delay his creditors. So there were two facts entirely separate and distinct from each other, either of which being found to exist would justify and support the attachment.

The jury having found that the defendant at the time the attachment was issued did intend to convey his property, and thus cheat his creditors, that fact is conclusive upon this court, and, being in itself sufficient to uphold the attachment, without reference to the other fact of the defendant's non-residence, a complete answer is furnished to any alleged error in the instruction of the court as to what constitutes a non-resident.

Whether the court erred in charging the law in relation to non-residence is therefore immaterial. There is no such connection between the two grounds upon either of which the attachment could be supported, that an error in the charge of the court in regard to one can be said to affect the other, and thus furnish cause for a new trial.

The other error complained of relates to the instruction of the court that the jury need not be unanimous in their verdict, and that nine could determine it.

The record does not show that the verdict was returned by a less number than twelve jurors nor does the statute require the verdict to be signed by all the jurors. At the time when the verdict was rendered the jury was not polled. It does not therefore affirmatively appear that this verdict was a verdict of less than twelve jurors. If, however, the instruction to the jury had been properly excepted to, the judgment would have to be reversed under our ruling in *American Publishing Company* v. *Fisher*, 166 U. S. 464, and *Springville* v. *Thomas*, 166 U. S. 707. We are of opinion, however, that no proper and

sufficient exception was taken by the defendant to the instruction of the judge to the jury on this question.

The record shows that the court gave some thirteen different instructions to the jury, the thirteenth being the one relating to the number necessary to find a verdict. All of the instructions are set forth at length. Many of them contain more than one proposition of law or fact. At the end of the instructions is the signature of the judge. Following the signature the record contains this further statement:

" The questions hereto attached you will answer in writing, after each question, the word ' yes ' or ' no.' You need not be unanimous in determining these questions, but to answer either of them nine of you must agree upon the answer.

" Your foreman will sign each of the verdicts and also this special verdict when you are agreed.

" John G. Clark, <em>Judge.</em>"

Then follow " the questions hereto attached," which were the special questions submitted to the jury and already mentioned, to which affirmative answers were made and signed by the foreman. Then follows this general statement:

" To the giving of which instructions and each of them the defendant at the time excepted."

On the same day that the verdict was rendered the defendant moved for a new trial on the grounds therein stated. The grounds are mentioned in great detail.

No mention is made of the thirteenth instruction to the jury, and it is nowhere alleged as ground for a new trial that there was any error in stating to the jury that nine of their number might find a verdict.

The statement in the record in regard to the manner in which the defendant took exceptions to the charge of the judge leaves the fact quite plain that those exceptions were taken generally and in a lump, and were not in reality taken separately or applied specifically to any particular instructions. It was a general statement that the whole charge of the judge was specifically excepted to. No specifications

were given, nothing was said in the way of calling the attention of the judge to any particular portions of his charge which the defendant objected to. When we look at the instructions contained in these various paragraphs, we see that in many of them there are two or more different propositions of law, and that a general exception taken to any of such paragraphs would be insufficient if one of the several propositions were correct. Should one general exception to thirteen different instructions be considered sufficient when each instruction consists of different propositions of law and fact, and many of them are clearly correct? We think not. The wholesale manner of taking exceptions is unfair, both to the judge and the opposite party. After a judge has given a long charge to the jury, consisting of many different propositions of law and fact involved in the trial, a general exception noted at the end of the charge to each proposition separately of law or fact announced therein is not sufficient if any proposition of law contained in the charge is correct. Those propositions in regard to the correctness of which there is a real controversy should be at least called to the attention of the judge, so that if he thought it proper he might correct, modify or explain them. It is evident the defendant's counsel had no reference in his exceptions to the charge, to many of the propositions therein contained, for they were favorable to the defendant. And it is equally plain that he had in fact no reference to the instructions as to the number necessary to find a verdict. This is shown by the motion for a new trial and the grounds therein mentioned. It would not conduce to the fair administration of justice to permit such an exception to be regarded as sufficient to raise the question herein sought to be reviewed.

Some other questions were made in the brief of the counsel for plaintiff in error, all of which we have carefully examined, but do not find any error which would lead to a reversal, and the judgment must therefore be

*Affirmed.*

Mr. Justice Brewer dissented.