## CATRON v. DEEP FORK DRAINAGE DIST. NO. 1.

No. 2935.    Opinion Filed February 11, 1913.

(130 Pac. 263.)

1.  JURY—Appeal from Drain Commissioners—Trial by Jury.  A landowner, who appeals from the decision of the board of commissioners upon his exceptions to the action of the viewers, on the ground that they had assessed his land too much, pursuant to Comp. Laws 1909, sec. 3057, is not entitled to a trial by jury upon that issue in the district court.

2.  DRAINS—Appeal—Burden of Proof.  A landowner, who excepts to the action of the viewers upon the third ground set forth in section 3057, Comp. Laws 1909, or upon the ground that his land was assessed too much, on trial of his appeal in the district court, has the burden of that issue.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by H. S. Catron against the Deep Fork Drainage District No. 1.  Judgment for defendant, and plaintiff brings error.  Affirmed.

*Jas. L. Brown,* for plaintiff in error.

*Grant Stanley,* for defendant in error.

TURNER, J.   On December 7, 1908, there was filed in the office of the county clerk of Oklahoma county a petition praying for the establishment of a drainage district, to be known as Deep Fork Drainage District No. 1, and located in Oklahoma county, pursuant to Comp. Laws 1909, secs. 3043 to 3077, inclusive. Thereafter bond was filed and notice given, and the district duly established.  Upon the coming in of the report of the viewers, appointed to assess the benefits and damages, exceptions were filed thereto by plaintiff as to the amount assessed against certain lands belonging to him and the damages allowed for right of way, alleging that the latter were inadequate and the former excessive for certain reasons therein set forth.  Thereafter the same came on to be heard; whereupon the board, without objection, struck out the amount allowed for damages, confirmed the assessment of benefits, assessed the same against the land, and plaintiff appealed to the district court.  There, on August 26, 1910, the cause coming on to be heard, the court, without objection, the question having been eliminated before the board, dismissed the matter of damages and proceeded to try the question of the assessment of benefits; whereupon plaintiff demanded a jury trial, which was by the court refused.  He then moved to require the defendant to first produce its evidence, contending that the burden of proof was there, which was overruled, and exceptions saved on both points.  Then, after hearing the evidence and being duly advised, the court found the issue in favor of defendant, and ordered that the assessments of benefits theretofore made by the board of viewers and confirmed by the board of county commissioners be confirmed, and that the clerk of the court certify to the county clerk of the county judgment to that effect, and that there be entered upon the assessment roll of Deep Fork Drainage District No. 1 the assessment of benefits theretofore confirmed by the county commissioners against the lands of plaintiff.  After motion for a new trial filed and overruled, plaintiff brings the case here, and assigns that the court erred in refusing to allow him a jury trial upon the question of benefits.

The point is not well taken.   While "all questions" made by plaintiff's exceptions are, by statute, directed to be heard and determined by the board, "either or any" of certain questions only are thus authorized to be heard and determined on appeal therefrom to the district court, and among them the very question for the determination of which a jury trial was invoked by plaintiff.   By Comp. Laws 1909, sec. 3050, the return of the reviewers must state:

"  *   *   *   The names and residences of the owners that will be benefited, damaged, or condemned by or for the improvements, and the damage or benefits to each tract of forty acres, or less, and make separate estimate of the cost of location and construction, and apportion the same to each tract in proportion to the benefits or damages that may result to each."

Section 3057:

"Any person whose lands are affected by the proposed improvement may, on or before the day set for hearing before the commissioners, file exceptions to the apportionments made by, and the action of the viewers, upon any claim for compensation or damages.   The commissioners may hear testimony and examine witnesses upon all questions made by such exceptions, and for that purpose may compel the attendance of witnesses and the production of other evidence, and its decision upon each of the exceptions shall be entered of record.   *   *   *   Any person aggrieved may appeal from the order of the commissioners, and upon such appeal there may be determined either or any of the following questions:   1st. Whether just compensation has been allowed for property apportioned.   2nd. Whether proper damages have been allowed for property prejudicially affected by the improvements.   3rd. And whether the property for which an appeal is prayed has been assessed more than it will be benefited, or more than its proportionate share of the cost of the improvements."

Concerning procedure, section 3058 provides:

"The district clerk shall docket said appeal, in the district court, styling the appellant as plaintiff, and the drainage district, giving its name and number, as defendant, and the cause shall stand for trial and be heard and determined as other appealed cases are tried in the district court.   After the appeal is heard and determined in the district court, the district clerk shall return the original papers filed in his office by the county clerk, together with a transcript of the proceedings held in said cause in the district court, including a certified copy of the finding,

verdict, judgment or decree of said court; the district clerk shall also return an itemized statement of the costs accruing on the appeal, and such cost shall be paid as hereinbefore provided. The commissioners shall thereby cause such entry to be made on their record which may be necessary to give effect to the judgment of the district court."

Comp. Laws 1909, sec. 1690, further provides:

"From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any person aggrieved."

And section 1693:

"All appeals thus taken to the district court shall be docketed as other causes pending therein, and the same shall be heard and determined *de novo*"

—showing that this appeal is to be tried *de novo* and "as other appealed cases are tried in the district court."

Section 5784a reads:

"A trial is a judicial examination of the issues, whether of law or fact, in an action."

Section 5785:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for recovery of money or of specific real or personal property shall be tried by a jury unless a jury trial is waived or a reference be ordered as hereinafter provided."

Section 5786:

"All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this Code."

We are therefore of opinion that, as the issues involved in the assessment of benefits to the land in question were not "issues of fact arising in actions for recovery of money, or to recover real or personal property," but were "other issues of fact," the court did not err in overruling plaintiff's request to try them to a jury, as the court was required, by section 5786, to try them himself, subject to his power to order the same tried to a jury, as therein set forth.

Nor does article 2, section 19, of the Constitution, which provides, "The right of trial by jury shall be and remain inviolate, * * *" protect plaintiff in his right to a trial by jury in this

case. This for the reason that the right so declared, except as modified by the Constitution, means the right as it existed in the territory at the time of the adoption of the Constitution (*State v. Cobb,* 24 Okla. 662, 104 Pac. 361, 24 L. R. A. [N. S.] 639; *Baker v. Newton,* 27 Okla. 436, 112 Pac. 1034), and was not intended to extend the right to a trial by jury to the issue of the question of benefits in cases of this kind. See 1 Page & Jones on Taxation, sec. 202. Nor are we so sure that, being here involved the determination of the first two of the three questions set forth in section 3057, *supra,* plaintiff would be entitled to a jury trial upon either or both such questions, as he contends and argues *eo convenienta.* This for the reason that in *Riley, Co. Clerk, v. Carico et al.,* 27 Okla. at page 37, 110 Pac. 740, we said:

"Section 24, art. 2, Const., having no application to drainage or improvement districts, where the expense of constructing same is borne by the land affected or benefited, is not a limitation upon any of the provisions of article 16 of the Constitution."

But upon this we express no opinion.

There is no merit in the contention that the court erred in holding the burden of proof to be upon plaintiff. This is the manifest intent of the statute (section 3058), when its directs, as it does, that the appellant shall be styled as plaintiff and the drainage district as defendant. This is, in effect, saying that the remonstrant before the board should be the remonstrant in the district court, and shall introduce his evidence in support of the issues raised thereby. Or, in effect, that if the assessment of the benefits to his land is too high the burden of proof is upon him to show what it should be. This was, in effect, the holding of the court in *Hardy et al. v. McKinney,* 107 Ind. 364, 8 N. E. 232. In that case, pursuant to a certain act of the Legislature, McKinney filed his petition before the board of commissioners of Carroll county for the same purpose as here. Pursuant thereto, viewers were appointed, and reported in favor of the construction of the ditch, as prayed. Later certain parties of the name Hardy, upon whose land and the land of the petitioner was located the pond sought to be drained by the proposed ditch, filed a remonstrance against its construction, and also a claim for compensation. Viewers were thereupon appointed, who reported

in general terms against the Hardys; whereupon the board of commissioners ordered the establishment and construction of the ditch. The Hardys appealed to the circuit court, which proceeded to try the issues presented by the petition and the remonstrance. There was judgment for the petitioner and against the remonstrators, the Hardys, as to damages, and the Hardys took the case to the Supreme Court. Thereafter reciting that the act of 1875 contained a provision providing that, "Any party aggrieved may appeal to the circuit court as provided by law for appeals from commissioners" (Laws 1875, p. 99, sec. 10), and that the statute governing appeals from boards of commissioners provided that "all appeals thus taken to the circuit * * * court shall be docketed among the other causes pending therein, and the same shall be heard, tried and determined as an original case" (1 Rev. St. 1876, p. 357, sec. 36), the court said:

"Under this provision of the statute, it has always been held that appeals from commissioners stand for trial *de novo* in the circuit court; that is, that all matters in issue before the commissioners stand for trial anew in the circuit court, and not for review or correction as in a court of errors. As a necessary consequence, it has been further held that such appeals suspend all the proceedings had upon questions in issue before the commissioners; and that such proceedings cannot either be used or taken into consideration upon the trial *de novo* in the circuit court. These holdings are, as they long have been, the established law of this state. [Citing.] In appeals to the circuit court in causes like the one in hearing, and in all analogous cases, the court or jury trying the same succeeds to all the substantial duties which devolved upon the viewers and reviewers before the board of commissioners as to the matters which stand for trial *de novo*; and a finding or verdict in detail upon all the matters in issue between the parties is contemplated. This includes the assessment of benefits and the allowance of damages, in cases in which damages ought to be allowed. The finding or verdict ought to be sufficiently specific upon every question involved to authorize a judgment finally determining all the matters in controversy, and leaving nothing for the adjudication of the commissioners in the event that the cause shall be certified back to them."

And, after commenting upon the fact that the cause should have been styled John McKinney v. Alexander Hardy *et al.*,

instead of the reverse, as it was, so far recognized the statute as placing the burden in the trial court upon the remonstrators that the same was not questioned.

In *Conwell et al. v. Tate et al.,* 107 Ind. at page 171, 8 N. E. 36, it is expressly held that a landowner, who remonstrates on the single ground that his land is assessed for too much, has the burden of the issue.  See, also, 2 Page & Jones on Taxation and Assessment, sec. 923.

We are therefore of opinion that the trial court did net err in placing the burden where it did; and for that reason, and finding no error in the record, the judgment is affirmed.

HAYES, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., concurs in the conclusion.