## GILES *et al.* v. LATIMER *et al.*

No. 3077.    Opinion Filed November 18, 1913.

Rehearing Denied January 13, 1914.

(137 Pac. 113.)

1.    EVIDENCE—Lease—Presumption Against Infancy. Where nothing appears to the contrary, a lessor is presumed to be an adult at the time he makes the lease, and one who relies upon his infancy to defeat his act has the burden of proof.

2.    REFORMATION OF INSTRUMENTS—Procedure—Submission to Jury. Where such issue arises in a suit in equity to reform a lease, the court may submit the issue to a jury, pursuant to Comp. Laws 1909, sec. 5785 (Rev. Laws 1910, sec. 4993).

3.    APPEAL AND ERROR — Exception — Necessity. Whether the court erred in the admission of testimony over objection will not be considered, where no exception is saved to the ruling of the court.

4.    APPEAL AND ERROR—Exception—Necessity. Where no exception was saved to that part of the charge which told the jury to "take this case, the pleadings, the blank verdicts, and this charge,

and, after consideration of your verdict, return with same into open court,'' and nothing appears in the record to disclose that the jury did so over defendant's objection and exception, this court will not consider whether there was error in permitting the jury to do so.

(Syllabus by the Court.)

Error from District Court, McClain County; R. McMillan, Judge.

Action by A. D. Latimer and William Foster against G. W. Giles, L. C. Giles, and W. D. Lamar. Judgment for plaintiffs, and certain defendants bring error. Affirmed.

*Rennie, Hocker & Moore*, for plaintiffs in error.

*J. F. Sharp* and *J. B. Dudley*, for defendants in error.

TURNER, J. This is an action to reform a lease brought by Latimer, the lessee, one of the defendants in error. The petition substantially states that on February 2, 1907, one of the defendants, Foster, who was conceded to be a citizen of the Choctaw Nation of less than one-half blood, leased his allotment of 160 acres for a term of five years from that day, in consideration of $300, which was paid; that by mutual mistake of the parties 80 acres thereof was not included in the lease; that the lessee had entered into possession of the land intended to be conveyed by the lease, and had been in possession thereof ever since, and had erected thereon valuable improvements; that later the lessor leased the 80 acres intended to be included in the lease to the defendant L. C. Giles, and had later conveyed the same to defendant G. W. Giles, who thereafter conveyed some interest therein to defendant W. D. Lamar.

"Plaintiff further states that defendants G. W. Giles, L. C. Giles, and W. D. Lamar all well knew, long prior to the time that either of said defendants may have acquired any right in and to any portion of the lands described in plaintiff's original lease, February 2, 1907, that said plaintiff was holding the said lands, including the N. ½ of the S. W. ¼ of said section 15 (being the 80 acres above referred to), and that said defendants, and each of them, knew that this plaintiff was in the actual and notorious possession of said lands, including said 80-acre tract, and had been since the date of the execution of the lease, as aforesaid.''

The prayer is that the lease be reformed so as to include the land intended to be conveyed, which was the whole of the lessor's allotment, and that, pending this suit, defendant G. W. Giles be restrained from prosecuting his action in ejectment, already commenced against plaintiff, to recover the 80 acres omitted from the lease. After demurrer thereto filed and overruled, defendants answered, admitting the allegations of the petition, and interposing the sole defense that at the time of the execution of the lease Foster was a minor, and for that reason the lease was void. After issue joined by the reply, in effect of a general denial, there was trial to a jury, and verdict and judgment for the plaintiff. All the defendants save Foster, who is made a defendant in error, bring the case here.

There is no merit in the contention, as the petition fails to state that Foster was an adult at the time he executed the lease, that the demurrer thereto should have been sustained. 2 Cyc. p. 690, says:

" * * * Where nothing appears to the contrary, persons entering into an agreement are presumed to be adults, and competent to contract, and hence one who relies upon his infancy to defeat his act, contract, etc., has the burden of proving such infancy."

While it is conceded that Foster had a right to make this lease if an adult, it is contended that such he was not at the time, but a minor, and that by reason of his minority the lease was void under the statute. As the issue of minority was one of fact arising in this, a suit of equity, the court did not err in submitting the issue to the jury. Comp. Laws 1909, sec. 5785 (Rev. Laws 1910, sec. 4993); *Catron v. Deep Fork, etc.,* 35 Okla. 450, 130 Pac. 263; *McCoy v. McCoy,* 30 Okla. 393, 121 Pac. 176, Ann. Cas. 1913C, 146.

To maintain the issue on his part Latimer introduced as a witness the brother of Foster, whose uncontroverted evidence was that Foster was 21 years old on June 4, 1906, and by the family Bible, introduced in evidence, proved that he was born June 4, 1885. After that Latimer was permitted to testify, over objection, that Foster told the witness that he was of age at the time of the execution of the lease, and that Foster's mother, at

the same time and in his presence, said he was of age, and that witness believed it, and, relying thereupon, parted with the consideration expressed in the lease. Whether the court erred in so doing we will not say, for the reason that no exception was saved to the ruling of the court in admitting the evidence. *Dunham v. Holloway*, 3 Okla. 244, 41 Pac. 140; *Capital Fire Ins. Co. v. Carroll*, 26 Okla. 286, 109 Pac. 535, and cases cited..

As there is no exception to that part of the charge which tells the jury to "take this case, the pleadings, the blank verdicts, this charge, and after the consideration of your verdict return the same into open court," and nothing appears in the record to disclose that the jury did so over defendants' objection and exception, we will not consider whether there was error in permitting the jury so to do.

There is no merit in the remaining assignments. Affirmed.

All the Justices concur.