### BANK OF CHEROKEE v. SNEARY.

No. 4434. Opinion Filed April 27, 1915.

(148 Pac. 157.)

1. **APPEAL AND ERROR—Objection Below—Necessity.** The point that the court erred in not rendering judgment on the pleadings

and evidence is not properly here for review, when no requests for judgment on the pleadings, or on the evidence, or demurrer to the evidence, or motion for an instructed verdict, were made in the trial court.

2. **APPEAL AND ERROR—Presentation Below—Motion for New Trial—Evidence.** The point that the court erred in admitting or refusing certain evidence will not be considered in this court, where no complaint was made concerning the same in the motion for new trial.

3. **APPEAL AND ERROR—Objection Below — Sufficiency — Instructions.** Where the record fails to show any objections or exceptions to the instructions by counsel, but does contain the following statement: "By the Court: To the giving of these instructions, and to each and every paragraph thereof, both plaintiff and defendants are allowed objections and exceptions"—an objection to a particular paragraph of the charge will not be considered, for, treating the remarks of the court as an exception by counsel, they are too general to bring under review a specific paragraph thereof..

(Syllabus by Brewer, C.)

*Error from District Court, Alfalfa County;*

*James W. Steen, Judge.*

Action by the Bank of Cherokee against S. J. Sneary. Judgment for defendant, and plaintiff brings error. Affirmed.

*G. W. Partridge,* for plaintiff in error.

*Titus & Talbot* and *W. L. Owen,* for defendant in error.

BREWER, C. Plaintiff in error, as plaintiff below, sued defendant in error on a promissory note. Answer was filed, admitting the execution of the note, and pleading a failure of consideration. Judgment was rendered for defendant, and the case is brought here on case-made and petition in error.

The following propositions are presented in brief of plaintiff in error: That the court erred (1) in not rendering judgment for plaintiff in error on the pleadings and evidence; (2) in admitting evidence on the part of the defendant in error; (3) in ruling out and refusing legal evidence on the part of plaintiff

in error; (4) error in the instructions to the jury; (5) error in overruling the motion for a new trial. We shall dispose of the points in the order named.

1. This point is not well taken, for the reason that judgment was not asked on the pleadings; nor was there a motion for an instructed verdict, or a demurrer to the evidence presented in the trial court.

2. That the court erred in admitting evidence on the part of defendant in error cannot be considered, for the reason that no complaint of this kind was presented to the trial court in motion for a new trial.

3. This point goes out for the last-named reason.

4. The record fails to disclose any objection offered by plaintiff in error to the instructions given by the court by noting the exceptions on the margin of the instructions or otherwise. Following the instructions, however, we find this in the record:

"By the Court: To the giving of these instructions, and to each and every paragraph thereof, both the plaintiff and defendant are allowed objections and exceptions, except no exceptions are allowed as to the statement of the issues in the case."

Waiving the point that these exceptions appear to have been allowed by the court, without any request upon the part of either party noted in the record, still the language is too general in its terms to bring here for review an objection to a particular paragraph of the instructions.

In *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289, the following exception taken by the parties was held to be too general:

"To the giving of the said instructions and each and all of them, the defendant then and there excepted and excepts, and his exceptions were by the court allowed."

This case, by Commissioner Ames, discusses this question somewhat at length, citing numerous authorities, including that

of *Holloway v. Dunham,* 170 U. S. 615, 18 Sup. Ct. 784, 42 L. Ed. 1165, which was in that court on writ of error to the Supreme Court of Oklahoma territory.

In the case of *Duncan Cotton Oil Co. v. Cox,* 41 Okla. 633, 139 Pac. 270, the following exception was held to be insufficient.

"The defendant excepts generally and specifically to each and every instruction to the jury."

For other authorities, see *Shelby v. Shaner,* 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 621; *Giles et al. v. Latimer et al.,* 40 Okla. 301, 137 Pac. 113.

5. The last point specified in the brief does not appear to have been specially treated.

It follows, therefore, that, there being nothing here for this court to review, the judgment of the trial court must be affirmed.

By the Court: It is so ordered.