## A. L. HOUGHTON & CO. v. J. W. HUNDLEY CO.

No. 7554—Opinion Filed May 23, 1916.

Rehearing Denied June 13, 1916.

(157 Pac. 1142.)

1. **Principal and Agent—Rights as to Third Persons—Ratification.**

If the purchaser in dealing with the agent in good faith believes him to be the principal, the undisclosed principal must take the contract if he seeks to enforce it as his agent and the purchaser left it. If he seeks the advantages of the contract, he must suffer its burdens. He must take his pay as the agent agreed to take it.

2. **Appeal and Error—Presenting Question in Trial Court—Exceptions.**

When the instructions are given in writing, and following them the case-made recites, "To each and every instruction given by the court the plaintiffs except," this is not a sufficient reservation of an exception to any particular instruction contained in the charge under section 5003 of the Revised Laws of 1910, as the same is only a general exception, and is insufficient to challenge the attention to any specific instruction or to bring to the consideration of this court any separate instruction, nor will the same avail as an exception unless the whole charge or its general scope or meaning is erroneous.

(Syllabus by Hooker, C.)

Error from District Court, Hughes County; Tom D. McKeown, Assigned Judge.

Action by A. L. Houghton & Co. against the J. W. Hundley Company. Judgment for

defendant, and plaintiffs bring error. Affirmed.

J. S. Meyer and Geo. N. Elliott, for plaintiffs in error.

W. T. Anglin, for defendant in error.

Opinion by HOOKER, C., A. L. Houghton & Co. sued the J. W. Hundley Company to recover for two cars of lumber alleged to have been sold by them to the defendant company in 1913. The defendant company denied the allegations of the petition, and further answered by saying that at the time alleged in the petition it bought from one I. A. Dye two cars of lumber, and under the agreement made with the said Dye at the time of the purchase of said lumber that it had fully settled for the same by crediting the full amount thereof on the account of one Covey with it, and that the said Covey and the said Dye were associated in business and interested in the matters and things out of which the account of the said Covey with the defendant company had originated; that it knew only the said Dye in the transactions, and it had dealt with him as principal, and had no knowledge of the plaintiff company in the purchase of said lumber whatever. Upon this theory the case was tried, and the jury returned a verdict for the J. W. Hundley Company.

It will be seen from this statement of the pleadings that it was incumbent upon the plaintiffs in the first instance to prove the allegations of their petition, that is, to establish by the evidence that they had sold to the defendant company the lumber in question, and, as the sale admittedly was made to the defendant by the said I. A. Dye, it became and was a material point to determine for whom the said I. A. Dye acted in the said transaction. If the contention of the plaintiffs be true, that is, that the said Dye acted for them, then the defendant company had no defense to the cause of action set forth in the plaintiffs' petition, but, if the theory of the defendant be true, it could not be liable for the lumber sued for by the plaintiffs here. If Dye was the agent of the plaintiffs, and if he disclosed that agency to the defendant at the time of the sale by him to the defendant of said lumber, or if the circumstances surrounding the sale were such as would have led the defendant company or any reasonably prudent person to discover that the said Dye was acting for the plaintiffs, then the defendant company could not avoid liability here, for the act of Dye in that case in making the sale of said lumber was as the agent of the plaintiffs, but, upon the contrary, if the lumber was sold to the defendant company by the said Dye as his lumber or if the defendant was led to believe that by the act of the said Dye, and there were no circumstances wihch would cause it or any prudent person to have believed otherwise, then the defendant company was justified in believing that said lumber belonged to the said Dye, and was authorized in making said purchase from him thereof, and was justified in extending credit to Covey upon the request of Dye, and would have the right under the state of facts to apply the amount due for this lumber upon the Covey account as per agreement at the time of the sale.

In the case of Eldridge v. Finnegar, 25 Okla. 28, 105 Pac. 334, 28 L. R. A. (N. S.) 227, this court said:

"If the purchaser of coal does not know, and has not good reason to know, that he is dealing with the agent of the owner, he is justified in treating the agent as owner, and in a suit by the owner for the purchase price he must take the contract of sale as he finds it, subject to such rights as the purchaser might avail himself of against the agent, assuming him to be the owner. If the purchaser of coal does not know, and has not good reason to know, that he is dealing with the agent of the owner, he is justified in treating the agent as owner, and in a suit by the owner for the purchase price is entitled to credit thereon for the amount of loss by said purchaser sustained on the sale of a suit of clothes agreed by the agent to be by him received in part payment therefor, but which was not delivered on account of said agent's death."

Applying the rule announced in this case to the facts in the case at bar, we must hold that, if the Hundley Company did not know and did not have good reason to know that it was dealing with the agent of the plaintiffs, it was justified in treating said agent as the owner, and in a suit for the purchase price the owner must take the contract of sale as it finds it, subject to such rights as the Hundley Company may avail itself of, against the agent, assuming said agent to be the owner of the property, and that, if the Hundley Company did not know and did not have good reason to know that it was dealing with the agent of the plaintiffs, it was justified in treating said agent as the owner, and in this suit it is entitled to a credit for the loss sustained on the sale of goods to Covey and Dye, agreed to by Dye to be by him received, and which were received by Covey and Dye prior to the institution of this suit.

We have carefully examined the instructions in this case, and we do not find the same subject to the objections urged by the plaintiffs in error, but said instructions fairly present the law to the jury, and, the jury having answered these questions in favor of the defendant in error, and the same being supported by the evidence, we are not at liberty to disturb the same.

It will be noticed that the plaintiffs in error did not urge any theory of the case to the court by offering any instruction, but merely contented themselves with attempting to except to the instructions given by the court, which they did in the following language:

"To each and every instruction given by the court the plaintiffs except."

In the case of Duncan Cotton Oil Company v. Cox, 41 Okla. 633, 139 Pac. 270, the defendant therein had the following exception:

"The defendant excepts generally and specially to each and every paragraph of the court's instructions to the jury."

This court said:

"This exception was not sufficient to bring before this court for review the instructions complained of. The instructions were in writing, and, if counsel wished to except to any one of them, it was his duty to except to that particular instruction, and thus call the attention of the trial court to it in order that the trial court might consider his objection and correct the error, if any, or at least be given an opportunity to do so.. The proceeding for saving exceptions to instructions is plainly prescribed by section 5003, Revised Laws 1910."

See, also, Eisminger v. Beman, 32 Okla. 818, 124 Pac. 289, where this court said:

"In the case-made, after the instructions have been set out in full, the following recital appears: 'To the giving of the said instructions and each and all of them, the defendant then and there excepted and excepts, and his exceptions were by the court allowed.' Our statute provides: 'A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, "Refused and excepted to." or "Given and excepted to," which shall be signed by the judge.' "

This is not a sufficient exception. McCabe & Steen Construction Company v. Wilson, 17 Okla. 355, 87 Pac. 320; Glaser v. Glaser, 13 Okla. 389, 74 Pac. 944; Holloway v. Dunham, 170 U. S. 615, 18 Sup. Ct. 784, 42 L. Ed. 1165.

In Isnard v. Edgar Zinc Company, 81 Kan. 765, 106 Pac. 1003, it is said in the first paragraph of the syllabus:

"Where instructions are given to a jury in numerous paragraphs involving several propositions, and the only exception to any or the whole of such instructions is the following: 'To each and every instruction given by the court to the jury adverse to the defendant, and to each and every part thereof, and to the instructions as a whole, the defendant at the time duly excepted and excepts'—held that this exception

amounts only to a general exception, and is insufficient to challenge the attention to any specific paragraph, and insufficient to bring to the consideration of this court any separate paragraph, and will not avail as an exception unless the whole charge is erroneous, or unless the charge in its general scope or meaning is erroneous."

Entertaining the view that we do of this case and of the instructions given by the trial court, we must hold that the exceptions taken by the plaintiffs in error are not sufficient to challenge the attention of this court to any specific instruction, as the whole charge is not erroneous, nor is the charge in its general scope wrong, but, upon the contrary, the instructions as a whole clearly present the law of the case to the jury.

There being no error in the record, the judgment of the lower court is affirmed.

By the Court: It is so ordered.