# NORTH CANADIAN RIVER DRAINAGE DIST. NO. 3 OF OKLAHOMA COUNTY v. FLEENOR.

No. 5908.    Opinion Filed June 6, 1916.

(158 Pac. 902.)

APPEAL AND ERROR—Eminent Domain—Drains—Viewers—Assessment of Damages and Benefits—Evidence. On appeal to the district court from an order of the county commissioners rendered and entered in passing upon exceptions to the action of the viewers in assessing the damages and benefits to plaintiff's land, where the question tried to the court was the question of benefits to the land, **held** that where the evidence reasonably tends to support the finding of the court, the judgment will not be disturbed. **Held,** further, that the petition for the appointment of the viewers and all subsequent proceedings to condemn a right of way for the ditch, including the instructions of the court and verdict of the jury, having been theretofore determined, were not admissible in evidence on the trial of the issue stated.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Appeal by F. J. Fleenor from an order of the board
of county commissioners of Oklahoma county, entered in
passing on his exceptions to the action of viewers ap-
pointed to assess damages and benefits from a drainage
ditch constructed by the North Canadian River Drainage
District No. 3 of Oklahoma County. From a judgment for
Fleenor, the drainage district brings error. Affirmed.

*Warren K. Snyder* and *Grant Stanley,* for plaintiff
in error.

*John H. Wright* and *Clarence J. Blinn,* for defendant
in error.

TURNER, J. From an order of the board of county
commissioners of Oklahoma county, rendered and entered
in passing upon his exceptions to the action of the view-
ers duly appointed to assess the damages and benefits
to his land by the drainage ditch constructed by plaintiff
in error, F. J. Fleenor, on April 5, 1911, prosecuted his
appeal to the district court of Oklahoma county. Later,
the issue as to the value of the land taken and the dam-
age to the land not taken were, in the same court, tried
to a jury and passed out of the case, whereupon the
cause was transferred to the superior court. Thereafter,
in that court, on a trial to the court on the question of
benefits to the land, there was judgment for Fleenor,
finding that the land in question—

"and all parts thereof received no benefit whatever by
reason of said drainage ditch, and that said property and
all parts thereof should not be taxed anything whatever
for benefits by reason of said drainage district or the
construction of the same, and that the order assessing

810     SUPREME COURT OF OKLAHOMA.

North Canadian River Drainage Dist. No. 3 of Oklahoma Co. v. Fleenor.

said property for benefits should be reversed and set aside."

Whereupon it was ordered, adjudged, and decreed that the assessment made and confirmed by the county commissioners for benefits against the land (describing it) —

"be and the same is hereby, reversed, vacated, and set aside, and that no assessment whatever shall be placed upon said property aforesaid or any part thereof; that said real estate aforesaid, and all parts thereof, are hereby released from said assessment, and the county clerk and the county treasurer of Oklahoma county are hereby ordered to correct the assessment books of said county in said drainage district so as to show that said real estate aforesaid and all parts thereof are released from any assessment whatever by reason of benefits in said drainage district."

It is to reverse this judgment that these proceedings in error were commenced by the drainage district.

Plaintiff's land through which the ditch was constructed lies within a bend of the North Canadian river in Oklahoma county, and is described as lot 2 in the N. E. ¼ of the S. E. ¼, and lot 13 in the S. E. ¼ of the N. E. ¼ and the N. E. ¼ of the S. E. ¼; lot 1 in the S. E. ¼ of the S. E. ¼, and lot 14 of the S. E. ¼ of the S. E. ¼, all in section 5, and lot 4 in the N. W. ¼ of the N. W. ¼ of section 9; lot 11 in the N. W. ¼ of the S. W. ¼ of section 4, all in township 11 north of range 4 west, I. M.; and consists of about 170 acres. Near the northwest corner of the S. E. ¼ in section 5 the river approaches the land in a sweep northward, where, after meandering far beyond the north line of the quarter, it returns and again enters it near the northeast corner, where it flows east, cutting off that corner and leaving

the quarter and not returning to it again until it enters at the southeast corner of the S. E. ¼ of the quarter where it flows due south through that quarter of the quarter, leaving a strip of land of some four or five acres, perhaps, between it and the section line. The ditch was dug almost diagonally across the north 80 of the quarter, so as to connect with the river at both ends, and it was plaintiff's contention that it was of no benefit to the land. He contended, among other things, that it did not drain it, for the reason that the surface water did not come from the river especially, but from a creek which comes down from the S. W. ¼ of section 5, which was the quarter adjoining him on the west, and empties into the N. W. ¼ of section 8, which is directly south of him, and flows in an easterly direction through that quarter section, which is immediately south of him, where, the channel being narrow, it spreads out over his farm and, one witness said, could not be carried away, but was backed up by the banks of the ditch. He further contended that his land north of the ditch was high land which never overflowed, and hence did not require drainage. It is, perhaps, unnecessary to state further the facts in the case. If counsel deem our statement of them insufficient, they may attribute it to their failure to make a statement thereof in their brief, as required by the rules of this court. It is sufficient to say of all the assignments of error, except as noticed later, that the burden was upon the plaintiff, the issue was triable *de novo,* and as there is evidence reasonably tending to support the finding of the court that the ditch was of no benefit to plaintiff's land, we will not disturb the judgment. *Catron v. Deep Fork, etc.,* 35 Okla. 447, 130 Pac. 263. There is no merit in the assignment that the

court erred in refusing to permit defendant to introduce in evidence the petition for the appointment · of viewers and all subsequent proceedings to condemn a right of way for this ditch, including the instructions of the court and the verdict of the jury. *Beals v. Inhabitants of Brookline*, 174 Mass. 1, 54 N. E. 339. Nor can error be properly assigned to the action of the court, of his own motion, in viewing the premises. This for the reason that the action of the judge in so doing was neither objected or excepted to by defendant at the time.

Finding no merit in the remaining assignments of error, the judgment of the trial court is affirmed.

All the Justices concur.