SWALM, Respondent, vs. NORTHERN PACIFIC RAILWAY COM-
PANY, Appellant.

*October 4—October 25, 1910.*

*Railroads: Negligence: Injury to person crossing tracks: Contribu-
tory negligence: Duty to stop: Question for jury: Instructions:
Harmless errors: Special verdict: Form.*

1. Generally, the question whether or not it was the duty of a per-
   son driving a team to stop before attempting to cross railway
   tracks is one for the jury, and not one to be decided as matter
   of law by the court.
2. Upon the evidence in this case—tending to show, among other
   things, the opportunity for the driver of plaintiff's team to look
   and listen before crossing defendant's track; that he did look
   and listen, but did not stop; that the engine which struck him
   was running at a speed of fifteen or more miles per hour; and
   that no signal or warning of its approach was given—the jury
   were warranted in finding that the driver exercised ordinary
   care.
3. An instruction that ordinary care on the part of the driver would
   be "such a degree of care and caution, all things considered,
   that a reasonably prudent man would have exercised," omitting
   the words "under the same or similar circumstances," was not
   prejudicially erroneous where the standard definition of ordi-
   nary care was given in connection with a question in the special
   verdict dealing with the negligence of the defendant.
4. A question submitted for special verdict should not ask whether
   a party is "chargeable" with want of ordinary care, but whether
   he was "guilty" of such want.
5. The court may properly refuse to include in a special verdict a
   question covering a mere evidentiary fact.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

On the morning of January 5, 1909, a team of horses be-
longing to the plaintiff, and hitched to a sleigh, was being
driven northward along a public highway known as Detroit
Pier in the city of Superior, which highway crosses a series of
eleven tracks of the defendant railway company, such tracks

running east and west.   In approaching these tracks and be-
fore driving upon the same there is a grade on the street from
south to north.   The tracks are referred to in the testimony
as numbers 1 to 11 inclusive, the one farthest south being
designated as track No. 1, the next No. 2, and so on to No. 11,
the one farthest north.   It appears that on track No. 9 and
about fifty-two feet east of the crossing there was a string of
cars extending east; on track No. 8 and eighty-eight feet east
of the crossing there was a string of cars extending east; and
on track No. 8 and twenty-two feet west of the crossing there
were also some cars extending west.   After having passed
over nine of the railway tracks and while in the act of crossing
track No. 10, a locomotive of the defendant company back-
ing westward on track No. 10 collided with said horses and
sleigh.   As a result of such collision one of the horses was
killed, the other injured, and the sleigh and harness damaged.
This action is brought to recover damages sustained by reason
of such collision, plaintiff alleging that the accident was due
to the careless and negligent operation of said locomotive.

By its answers to questions submitted on a special verdict
the jury found in favor of the plaintiff and fixed his damages
at $420.   Thereafter judgment was entered in favor of the
plaintiff and against the defendant, from which judgment
this appeal is taken.

For the appellant there was a brief by *Hanitch & Hartley,*
attorneys, and *C. W. Bunn* and *L. T. Chamberlain,* of coun-
sel, and oral argument by *Clarence J. Hartley.*

*W. P. Crawford,* for the respondent.

BARNES, J.   The errors assigned in this case are (1) the
driver was guilty of contributory negligence as a matter of
law and the court erred in refusing to so hold; (2) the court
erred in the charge given to the jury and also in failing to
charge upon certain points; (3) the court erred in refusing to
submit a question to the jury requested by defendant.

It is not seriously contended that had the driver stopped his team before attempting to cross the tracks he could have seen the approaching engine. Generally the question of whether a person driving a team should stop or not before attempting to cross a railway track is a question for the jury and not one to be decided as a matter of law by the court. *Kujawa v. C., M. & St. P. R. Co.* 135 Wis. 562, 568, 116 N. W. 249, and cases cited. The opportunity for the driver in this case to look and listen while crossing the tracks was established. It is because of his alleged failure to exercise such opportunity that defendant contends that the court should hold that contributory negligence was so clearly established as not to be a jury question. This claim is urged upon the ground that the engine was proceeding at a speed of from four to six miles an hour only, and that it was in plain sight for a distance of ninety-eight feet before it reached the crossing upon which plaintiff's horses and sleigh were struck. This being so, it is argued that if the driver had proceeded with due care and had used his eyes he would have had ample time in which to bring his team to a standstill before reaching the track upon which the engine was moving. Five witnesses testified that the engine was not moving at a speed to exceed from four to six miles per hour. The driver testified that it was running at the rate of twenty-five or thirty miles per hour. The jury found that its speed was fifteen miles per hour. It is contended that this finding is not supported by the evidence. We think it is. The engine was running light and its brakes were in perfect order. They were set about thirty feet east of the crossing. After they were set the engine ran about 150 feet before it came to a stop, and for over 100 feet of this distance the tender was pushing or dragging the horses and sleigh along the track. The jury might well have believed that the estimates of the witnesses on both sides were wild as to the rate of speed, and the conceded facts would indicate that the jury reached an intelligent and rea-

sonable conclusion. Conceding that the finding of the jury on the question of speed should stand, the contributory negligence of the driver was plainly one for the jury. He testified that he both looked and listened and that no warning or signal was given indicating the approach of the engine, and that after he saw the engine it collided with him before he had any time to avoid the accident. There is evidence which would warrant the jury in finding that the engine could not have been seen by him at a distance of over sixty or seventy feet. It would take the engine not to exceed three to four seconds to cover this distance. The horses were well over the track when the collision occurred. This was a very short time within which to get the horses out of the zone of danger in which they were when the peril was discovered. We cannot say as a matter of law that the jury was not warranted in finding that the driver exercised ordinary care.

Error is assigned because the court refused to submit the following question to the jury: "Were the horses trotting at the time they approached the crossing?" Whether they were or not was merely an evidentiary fact bearing upon the contributory negligence of the driver, and the court very properly refused to include the question in the special verdict.

The court instructed the jury that ordinary care on the part of the driver would be "such a degree of care and caution, all things considered, that a reasonably prudent man would have exercised." The instruction is faulty because of the omission from the end thereof of the words "under the same or similar circumstances." The standard definition of ordinary care was given in connection with a question in the special verdict dealing with the negligence of the defendant. The omitted clause adds little to the definition. The error, if there was one, was technical and did the defendant no injury. *Palmer v. Schultz,* 138 Wis. 455, 120 N. W. 348.

Error is assigned because the court failed to instruct the jury as to the degree of care which a person circumstanced as

the driver was in this case should exercise in undertaking to make a crossing. No instruction was requested upon the point and error cannot be predicated on the failure of the court to instruct in the absence of a request.

The second question submitted to the jury was: "Is defendant chargeable with want of ordinary care on the occasion in question?" It may well be doubted that a finding that a defendant is *chargeable* with a want of ordinary care is equivalent to a finding that he is *guilty* of a want of ordinary care, inasmuch as the word "chargeable" imports subject to mere accusation only, as well as actual guilt. The departure from the approved form of question worked no injury in the present case and no error is predicated upon it. Cases might well arise, however, where a change in phraseology would result in more serious consequences, and it is suggested that the better and safer practice is to use the common and approved form of inquiry when submitting to the jury a question dealing with ordinary care.

*By the Court.*—Judgment affirmed.