,WADE, by guardian *ad litem,* Respondent, vs. CHICAGO &
NORTHWESTERN RAILWAY COMPANY, Appellant.

*March 17—April 5, 1911.*

*Railroads: Injury to boy at street crossing: Contributory negligence:*
*Slight want of ordinary care: Evidence: Question for jury.*

1. Independent of statute, a boy between fourteen and fifteen years
   old who attempts to cross railway tracks upon a street is bound
   only to exercise such care as the great mass of boys of his age,
   intelligence, experience, and knowledge usually and ordinarily
   exercise under the same or similar circumstances.
2. In an action for injuries to a boy who was struck by a freight
   train while attempting to cross railway tracks upon a street,
   the evidence—showing, among other things, the situation of the
   tracks at the crossing, the obstruction of view at different times
   after plaintiff reached the crossing, the precautions which he
   took, and that the train was running at a very high rate of
   speed with no bell ringing, in violation of sec. 1809, Stats.
   (Laws of 1907, ch. 595)—is *held* to sustain a finding by the jury
   that plaintiff was not guilty of more than a slight want of or-
   dinary care contributing to his injury; and hence, under said
   statute, his negligence did not bar a recovery.

APPEAL from a judgment of the circuit court for Kenosha
county: E. B. BELDEN, Circuit Judge. *Affirmed.*.

This action was brought by plaintiff, an infant, through
his guardian *ad litem,* to recover damages for personal in-
juries received while crossing the railway tracks of the de-
fendant upon Broad street in the city of Kenosha. The is-
sues raised by the pleadings were (1) whether defendant was
negligent in operating its train over the highway crossing in
question, and (2) whether plaintiff was guilty of contribu-
tory negligence amounting to more than a slight want of or-
dinary care. Defendant's motion for directed verdict at the
close of the evidence was denied. The jury returned the
following verdict:

"(1) Was the plaintiff injured by being struck by defend-
ant's freight train at the time and place in question?
*A.* (by the court). Yes.

"(2) At what rate of speed was the defendant's freight train moving as it approached and passed over the Broad street crossing at the time plaintiff was struck?    A. Thirty miles per hour.

"(3) In approaching the Broad street crossing, at the time in question, was the freight train moving at an excessive rate of speed?    A. Yes.

"(4) In approaching the Broad street crossing, at the time in. question, was the freight engine whistle sounded in time to give warning to travelers approaching and intending to cross at said crossing?    A. No.

"(5) If you answer the fourth question 'No,' then, under the circumstances proven and in the exercise of ordinary care with reference to travelers, ought the freight engine whistle to have been sounded in approaching the Broad street crossing?    A. Yes.

"(6) In approaching the Broad street crossing, at the time in question, was the freight engine bell rung continuously within twenty rods of and until said crossing was reached by the freight train in question?    A. No.

"(7) Was there a failure to exercise ordinary care by the defendant company in the manner in which it managed and conducted the freight train, respecting its speed or warning of its approach, as it approached and passed over the Broad street crossing, at the time in question?    A. Yes.

"(8) If you answer the seventh question 'Yes,' then was such failure to exercise ordinary care the proximate cause of the injuries complained of by plaintiff?    A. Yes.

"(9) Did any want of ordinary care on the part of the plaintiff proximately contribute to produce the injuries complained of?    A. Yes.

"(10) If you answer the ninth question 'Yes,' then was the plaintiff guilty of more than a slight want of ordinary care which proximately contributed to produce the injuries complained of?    A. No.

"(11) At what sum do you assess plaintiff's damages?    A. $6,000."

Motions by defendant for judgment notwithstanding the verdict, to change answers of the jury to special questions in the verdict, and for judgment upon the verdict as modified

were denied, and judgment rendered for plaintiff upon the verdict, from which this appeal was taken.

*William G. Wheeler,* for the appellant.

For the respondent there was a brief by *Baker & Clarkson* and *Robert Verne Baker,* and oral argument by *R. V. Baker* and *Calvin Stewart.*

KERWIN, J.　The sole question on this appeal is whether the finding of the jury that the plaintiff was not guilty of more than a slight want of ordinary care which proximately contributed to the injury is supported by the evidence. It is claimed on the part of the appellant that the undisputed evidence shows that the plaintiff was guilty of more than a slight want of ordinary care.

Broad street in the city of Kenosha runs east and west, is about thirty-six feet wide, and is crossed by three tracks of the defendant running north and south. The most easterly track is the south-bound main, the next west is the north-bound main, and the next and most westerly track of the three is known as a switch or passing track. The gauge of these several tracks is four feet eight and one-half inches inside the rail. From the center of the side track to the center of the north-bound main is 14.7 feet; from the center of the north-bound main to the center of the south-bound main is 13 feet, making the distance from the center of the side track to the center of the south-bound main 27.7 feet. North of Broad street for several thousand feet the tracks of defendant are straight.

On the 29th day of May, 1908, the plaintiff, then between fourteen and fifteen years of age, was employed as a delivery boy, and at about 9 :30 a. m. on the day named made a delivery of meat at a point on Broad street 300 feet west of defendant's tracks, making the trip on a bicycle. On returning he went east on the north side of Broad street, stopped at a point about 100 feet west of the defendant's tracks to talk

with a friend, then walked eastward as far as the switch or passing track, and stopped to look.   He then discovered that there was a passenger train about one block south of Broad street going north on the north-bound main track.   He waited in the center of the switch track until the passenger train had passed north of Broad street.   There were box cars standing on the switch track, the southerly end of which was about 20 feet north of the point where plaintiff stood on the side track.   The obstructions to the view north from Broad street were the box cars on the switch track and the passenger train moving north on the north-bound main track.   The box cars 20 feet north of Broad street overhung the track 2.6 feet from the inside of the rail.  Exhibits were offered and received in evidence showing location of tracks, box cars, and the view from the points where the evidence tended to show plaintiff was at different times before the time of injury.   The passenger train going north on the north-bound main track obstructed the view north to some extent, and so did the box cars on the switch track.   We have set out the verdict in the statement of facts, which shows the speed of the freight and passenger trains as found by the jury, and that no whistle was blown or bell rung.

There is evidence that the plaintiff, being on the west side of the tracks, walked east holding his bicycle until he reached the west or side track, looked north and saw no train, but saw the north-bound passenger, waited in the center of the switch track about ten seconds until the passenger train passed Broad street; that after the passenger train had gone by he stepped east a step or two to the west rail of the west main or north-bound track, glanced north, saw no train approaching, got on his wheel, and started to go across; that he got on his wheel in the ordinary way, leaned a little over the handle bars in order to get on; that he was on his bicycle and a little over the center of the east or south-bound track when struck by a freight train going south; that the passenger train was

about 350 feet long, and the engines of the south-bound freight and north-bound passenger passed 300 feet north of Broad street; that an observer standing in the center of the switch track at the north side of Broad street could see the center of the south-bound track only 186 feet to the north, and standing on the west rail of the west or north-bound main track could see the center of the south-bound track 220 feet to the north when the rear end of the train on the north-bound track was 110 feet north of Broad street. The evidence further tends to show that if the plaintiff stood on the north side of Broad street and as far east as the east rail of the side track, because of the obstruction by the box cars he could not see more than 423 feet north on the south-bound main track, and if he had looked north at the last second before the passenger train obstructed his view, which would be at a point about 98 feet north of where he stood, he could not have seen the south-bound freight, since it was going thirty miles an hour and would have reached the point where the injury occurred before the rear end of the passenger had cleared the crossing, if it was within 423 feet of the crossing when the engine of the passenger train was 98 feet north of where plaintiff stood when the passenger train went across Broad street. These conclusions are reached from the evidence as to speed of the trains, the position of plaintiff, the obstructions of view caused by the box cars and the north-bound passenger train, the exact time in seconds the plaintiff occupied in his different positions while on the crossing and before he was struck, and the exact speed of each train. A change of any of these conditions would of course affect the conclusion reached, so the mathematical deductions relied upon by defendant would necessarily vary as the facts upon which they were based varied. But there is evidence that the plaintiff looked when he reached the west or side track, waited for the north-bound train to pass the crossing, looked north at the last second before his vision was obstructed by it, and when he reached the

north-bound main track looked north again and did not see the freight, then got on his wheel, went on the south-bound track, and was struck.

Subd. 1, sec. 1809, Stats. (Laws of 1907, ch. 595), provides that no railroad company whose line of road extends into or through any incorporated city or village shall run a train or locomotive faster than twelve miles an hour while approaching and within twenty rods of any public traveled grade street crossing in such city or village;. and subd. 3 provides that no such railroad company shall run any train or locomotive over any public traveled grade crossing within any incorporated city or village except wherein gates are erected, maintained, and operated, or a flagman is stationed, unless the engine bell shall be rung continuously within twenty rods of and until such crossing shall be reached by such train or locomotive.    Subd. 6 provides that where injury or death is caused by the negligent omission of a railroad company to comply with the requirements of sec. 1809, the fact that the person injured or killed was guilty of a slight want of ordinary care contributing to the injury or death shall not bar recovery.   The plaintiff being a minor between fourteen and fifteen years of age, the duty to exercise care which the law imposed upon him independent of statute was the exercise of such care as the great mass of boys of the age, intelligence, experience, and knowledge of plaintiff usually and ordinarily exercise under the same or similar circumstances.    *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563; *Anderson v. Chicago B. Co.* 127 Wis. 273, 106 N. W. 1077; *Coppins v. Jefferson,* 126 Wis. 578, 105 N. W. 1078; *Pumorlo v. Merrill,* 125 Wis. 102, 103 N. W. 464; *Montanye v. Northern E. Mfg. Co.* 127 Wis. 22, 105 N. W. 1043; *Briese v. Maechtle, ante,* p. 89, 130 N. W. 893; 2 Cooley, Torts (3d ed.) *823.

It cannot be said that the acts of the plaintiff were not characterized by at least some degree of ordinary care.   The jury would have been justified in finding that he did not rush

blindly into danger. He approached the west or side track with caution, by looking north and south, and, upon seeing the passenger train a block south, waited at a safe place until it had passed to the north. He probably could have safely crossed ahead of it after he saw it, but in the exercise of care he chose to wait. He also took the other precaution by looking, to which we have heretofore referred, before crossing. Had the south-bound train obeyed the law and run at a lawful rate of speed, plaintiff could doubtless have passed in safety, as he had ample time to do. Certainly in determining the question whether plaintiff was guilty of more than a slight want of ordinary care it would be proper for the jury to consider the situation of the different tracks at the crossing, the obstruction of view at different times after plaintiff reached the crossing, and the fact that the south-bound train was running at a very high and unlawful rate of speed and no bell ringing, which might well deceive one calculating the chances of a safe crossing. *Ewen v. C. & N. W. R. Co.* 38 Wis. 613. If the freight on the south-bound track was not in sight because of the obstructions when plaintiff got on his bicycle to go across, and it had been going at the rate of fifteen or twenty miles an hour, plaintiff doubtless could have crossed in safety.

True, plaintiff might have gone to the south-bound track and looked north from a point where he had an unobstructed view before crossing, but the question is whether, under all the circumstances, it was not for the jury to say whether his failure to do so was or was not more than a slight want of ordinary care. *Hoveland v. Nat. B. Works,* 134 Wis. 343, 114 N. W. 795; *Murphy v. Herold Co.* 137 Wis. 609, 119 N. W. 294; *Zeratsky v. C., M. & St. P. R. Co.* 141 Wis. 423, 123 N. W. 904.

From all the evidence we are convinced that the question whether the plaintiff was guilty of more than a slight want of ordinary care was for the jury, and their finding upon that

issue cannot be disturbed. *Case v. Chicago G. W. R. Co.* (Iowa) 126 N. W. 1037; *Baltimore & O. R. Co. v. Coppock,* 179 Fed. 682; 33 Cyc. 1118; *Ferguson v. Wis. Cent. R. Co.* 63 Wis. 145, 23 N. W. 123; *Gower v. C., M. & St. P. R. Co.* 45 Wis. 182; *Roedler v. C., M. & St. P. R. Co.* 129 Wis. 270, 109 N. W. 88; *Piper v. C., M. & St. P. R. Co.* 77 Wis. 247, 46 N. W. 165; *Kujawa v. C., M. & St. P. R. Co.* 135 Wis. 562, 116 N. W. 249.

*By the Court.*—The judgment of the court below is affirmed.