TODOROFF, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*June 2—June 25, 1919.*

*Railroads: Accident at crossing: Sufficiency of evidence: Gross negligence: Appeal: Harmless error: Instructions.*

1. In an action for the killing of the driver of a popcorn wagon at a railroad crossing, evidence as to the engineer's acts or failure to act after seeing that deceased was oblivious to danger is *held* not sufficient to take to the jury the issue of gross negligence.

2. Where the undisputed facts showed that deceased was guilty of more than slight negligence, error in instructions as to the care required of him in approaching the crossing was not prejudicial.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Plaintiff's husband was killed by one of defendant's trains in the city of Cudahy, Wisconsin, September 2, 1917.

The accident occurred on Van Norman avenue, which runs east and west and is crossed by defendant's double-track main line at an angle.   East of and parallel with defendant's tracks are those of the Milwaukee Electric Railway & Light Company's interurban line, and the centers of the two rights of way are eighty-two feet apart.   Next east of the street-car line and also parallel with it is Lynn avenue.   Defendant's train approached from the south on the westerly of its two tracks at a speed of at least sixty miles per hour.   The track was straight for about 1,938 feet from this crossing, and an approaching train could be seen from the middle of the track at this crossing for about 2,475 feet.   The view was unobstructed to the southwest along the tracks to a traveler on Van Norman avenue after reaching the east line of defendant's right of way.   The Cudahy depot was on the east side of defendant's tracks and about 1,130 feet south of Van Norman avenue.

Deceased was driving a glass-inclosed popcorn wagon with one horse.   He came along Lynn avenue, then turned to the west on Van Norman avenue, crossing the street-car tracks, and just as his wagon was leaving defendant's west tracks it was struck by defendant's locomotive and he was killed.

The complaint set forth two causes of action: one for negligent violations of statutory regulations, and the other for gross negligence based upon the unlawful speed.   The court below directed a verdict for defendant upon plaintiff's claim of gross negligence and submitted a special verdict upon the other, by which the jury found in substance as follows:

(1) The excessive speed of more than twelve miles per hour was a proximate cause of the death; (2) the engine bell was rung continuously from the time the train was within twenty rods south of the crossing until the time of the collision; . . . (4) the collision was before one hour after sunset; . . . (6) a failure to maintain a headlight of sufficient

power to enable the engineer to plainly discern the deceased at a distance of not less than 800 feet was not a proximate cause of the death; (7) the deceased was guilty of more than a slight want of ordinary care contributing to his death in driving towards and upon the crossing; (8) the damages assessed at $5,250.

Upon the several and usual motions after verdict the court ordered judgment for the defendant, and from such plaintiff has appealed.

For the appellant there was a brief by *Kleist, Harriman & Knappe* of Milwaukee, and oral argument by *Edwin W. Knappe.*

R. N. *Van Doren* of Milwaukee, for the respondent.

ESCHWEILER, J.    The plaintiff contends on this appeal that there was an issue of fact which should have been submitted to the jury upon the cause of action as to the alleged gross negligence of defendant; and secondly, that there were errors in the charge of the court to the jury upon the cause of action that was submitted in the special verdict.

There were but two witnesses who testified to having seen the deceased just prior to the collision, one defendant's engineer and the other plaintiff's witness Troka. The latter testified that he and a companion crossed the defendant's track on Van Norman avenue going easterly, and passed on the south side of the deceased just as he was driving westerly at the center of the street-car tracks.   At the time Troka crossed the railroad track there was no train in sight.   As he passed the popcorn wagon the deceased was sitting in it facing west, and turned towards the south and looked at him and his companion.   The wagon was surrounded with glass so that there was nothing to interfere with the deceased's vision in all directions.   The deceased was resting his head on his left arm with his elbow on the window sill, holding the lines with his right hand and driving very slowly.   Troka then proceeded easterly over the street railway tracks and turned to the south

on Lynn avenue.    Shortly thereafter he heard the whistle and the sound caused by the engineer applying the brake.

The engineer testified that just as he was about at the Cudahy depot he saw the deceased driving slowly off from the right of way of the street-car company and immediately blew the whistle, and then, it appearing that the deceased was apparently paying no attention to the approaching train, applied his emergency brakes when he was at a distance which he estimated at eight to nine hundred feet south of the crossing, but owing to the high rate of speed at which the train was going it could not be stopped until it had passed to a point about 1,000 feet north of the crossing.    Only the rear wheels of the wagon were struck.

There is some apparent confusion in the testimony of Troka as well as in that of a witness Falkenthal, called by defendant, and who was riding on the train, as to the point at which the whistle was blown just prior to the train approaching the crossing, and it is mainly upon such testimony that plaintiff relies in urging that the case should have been submitted by the court to the jury on a question as to whether or not the conduct of the engineer, after he saw that the deceased was approaching the place of danger without any apparent recognition of the approaching train, might be considered as gross negligence.

An examination of the record in this case satisfies us that the apparent confusion with reference to the time prior to the collision when the whistle was blown arises from the fact that during the examination of the witnesses the fact that the whistle was blown twice was not always kept clearly presented.    It is undisputed, however, that before the train was visible from the Van Norman avenue crossing a whistle was blown for the Cudahy depot and then another one at some point near the Cudahy depot, and both of these witnesses so testified.

The facts in this case justify the conclusion that the trial court necessarily reached in directing judgment for the de-

fendant on the cause of action for gross negligence that there were no facts presented which would warrant a jury in arriving at a determination that, after defendant's engineer saw the deceased approaching the crossing in apparent ignorance of his danger, there was any act or failure to act, in that instant in which he had to decide what to do or refrain from doing, that could be fairly said to meet the clearly defined rule as to the gross negligence recognized under our law. *Herrem v. Konz,* 165 Wis. 574, 577, 162 N. W. 654.

It is unnecessary to consider the question as to whether or not the charge of the court to the jury on the seventh question of the special verdict, as to the care exercised by the deceased in driving towards and upon the crossing, was in accord with what was said by this court upon the same statutes as are here involved and upon the facts as in that case presented of *Gordon v. Ill. Cent. R. Co.* 168 Wis. 244, 169 N. W. 570, for the reason that it must be said as a matter of law, upon the undisputed facts in this case, that there was more than a slight want of ordinary care contributing to the death involved in this case from the way in which the deceased did drive towards and upon this crossing.    There was nothing that in any manner diverted his attention or lulled him into security or that prevented in any manner his looking towards the south after entering upon the defendant's right of way or from seeing the rapidly approaching train if he had so looked.

Proposed instructions, therefore, based upon what was said in former cases involving situations where there was, under the facts there, something to divert the attention or lull into security, could not be material in this case, and therefore error in refusing to give such proposed instructions or in the instructions given on this subject, if any such errors there are, could not be deemed prejudicial under the undisputed facts in this case.

*By the Court.*—Judgment affirmed.