PUHR, Administratrix, Appellant, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY and another, Respondents.

*February 11—March 9, 1920.*

*Railroads: Accident at crossing: Automobiles: Stop-look-and-listen rule: Crossing in front of train: Negligence: More than slight want of ordinary care: Failure to stop caused by defective mechanism: Knowledge of driver as to the defect: Contributory negligence: Negligence of driver imputed to occupant.*

1. The driver of an automobile who, when approaching a railroad track of which he has an unobstructed view, fails to look for an oncoming train, or who, seeing a train approaching, attempts to cross in front of it, is in either case guilty of more than a slight want of ordinary care.

2. If an automobile driver, observing an oncoming train, proceeds, in ignorance of the defective condition of the stopping mechanism, with the intention of stopping before reaching the tracks, but upon seasonable effort to stop fails to avoid going upon the tracks because of such defect, he is not guilty of any degree of negligence.

3. A driver who approaches a railroad track with knowledge of the defective condition of the stopping mechanism without so decreasing his speed as to be able to bring the automobile to a stop notwithstanding defects, is guilty of more than a slight want of ordinary care.

4. The negligence of the driver of a private conveyance is imputed to a person voluntarily riding therein, and if such negligence contributes to an injury to such person it defeats an action against a third party based on the latter's negligence.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Action to recover damages for death by wrongful act. On the 3d day of September, 1916, at about 4 o'clock in the afternoon, plaintiff's intestate, Frank Bauman, his wife, and daughter Theresa were riding in an automobile, from Manitowoc to Two Rivers, owned and operated by Frank Kucera, Mrs. Kucera also constituting one of the party. Within the limits of the city of Two Rivers, and while attempting to cross the railroad track of the *Chicago & Northwestern Railway Company,* the automobile was struck by a passenger train, the car demolished, and all the occupants killed except Theresa. Kucera was a resident of the city of Two Rivers and, presumably, familiar with the crossing. At the point of collision the railroad track extends east and west. The highway upon which the automobile was driven runs in a northeasterly and southwesterly direction, so that the intersection of the railroad track and the highway at the point of collision forms an acute angle. The automobile was coming from the southwest. The train was coming from the east. At a point in the highway 250 feet southwest of the crossing, an unobstructed view of the track could be had for 568 feet east of the crossing, and as the automobile proceeded from that point towards the track Kucera could see eastward along the track for a still greater distance. For instance, at a point in the highway 100 feet southwesterly from the crossing an unobstructed view of the track could be had for 750 feet, and at a point in the highway fifty feet southwesterly from the crossing a view of the track could be had for 900 feet. As Kucera came within view of the track he was driving from twelve to fifteen miles an hour, and from that point to the intersection slowed down to

eight or ten miles an hour. He made no apparent effort to stop the car, but drove right on to the crossing with both hands holding the steering wheel.

Theresa Bauman, the only survivor of the occupants of the car, gave the following version of the accident: She was riding in the back seat, and Kucera asked if there was a car coming behind; he wanted to stop; she rose from her seat to look through the rear window of the car, and just as she rose she heard her father, who was riding in the front seat with Kucera, say "Stop;" and Kucera replied "I can't," and immediately, and while Theresa was standing up to secure a view through the rear window, the collision occurred. Other witnesses testified that they passed the Kucera car between Manitowoc and Two Rivers when it was standing still at the side of the traveled track, and Mr. Kucera was on the ground, with the hood of the car up, looking at the engine. The occupants of another car testified that they also passed the Kucera car on the same highway and that Mr. Kucera was evidently having difficulty in shifting gears, as he had hold of the shifting lever, and they heard a noise as of grating gears. The occupants of a Ford automobile testified that they drove behind the Kucera car for a considerable distance prior to reaching the place of collision and that both cars were running from twelve to fifteen miles an hour; that, while the Ford car stopped before it reached the railroad track, the Kucera car slowed down to from eight to ten miles an hour and ran right on to the crossing where it was struck by the train.

This action was brought by the administratrix of the estate of Frank Bauman, deceased, against the *Chicago & Northwestern Railway Company* and *George Lee,* the administrator of the estate of Frank Kucera, deceased, to recover damages for his death. The jury returned a special verdict in which they found negligence on the part of the railroad company, a slight want of ordinary care on the part of Frank Kucera, and no negligence on the part of

plaintiff's intestate, Frank Bauman.   The damages were fixed at the sum of $5,950.          .

The sixth and seventh questions of the special verdict were as follows:

"(6) In his management and operation of the automobile at the time and place of its collision with the train, was there on the part of its owner and driver, Frank Kucera, any want of ordinary care which contributed to cause the injury and death of Frank Bauman?   A. Yes.

"(7) If your answer to the sixth question be 'Yes,' then answer this: Was the negligence of Frank Kucera which is found by the answer to the sixth question more than a slight want of ordinary care?   A. No."

Upon motion made after verdict the court changed the answer to the seventh question from No to Yes, and ordered judgment dismissing the complaint against the railroad company, and ordered a new trial against the administrator for the reason that the damages were excessive.   An appeal was taken by the plaintiff from this order, which appeal was dismissed by this court (168 Wis. 101, 169 N. W. 305). After the case was remanded it was, on stipulation, dismissed as to the administrator, and judgment was rendered in favor of the railroad company and against the plaintiff. From that judgment plaintiff appealed.

For the appellant there was a brief by *Hope Thompson* of Chicago and *Kelley & Wyseman* of Manitowoc, and oral argument by *Mr. Thompson.*

*R. N. Van Doren* of Milwaukee, for the respondent *Chicago & Northwestern Railway Company.*

Owen, J.   It will be observed from the statement of facts that the jury, in answer to the sixth question, found that Kucera was guilty of negligence in his management and operation of the car at the time and place of collision, and that by its answer to the seventh question it found that such   · negligence was not more than a slight want of ordinary

care. This was material, in view of the fact that the accident occurred within the limits of an incorporated city, as sub. 6, sec. 1809, Stats., provides that under such circumstances it shall not be a bar to a recovery if the person injured or killed was guilty of a slight want of ordinary care contributing to the injury or death. The trial court changed the answer, No, to the seventh question to Yes, and ordered judgment in favor of the railroad company. The question here is whether the circuit court erred in so changing the answer to the seventh question.

It is patent beyond controversy that if Kucera had looked he would have seen the train, therefore he either saw the train or he did not look. If he did not look he was guilty of negligence as a matter of law, and if he saw the train and attempted to beat it across the crossing he was equally culpable. In either case he was guilty of more than a slight want of ordinary care. This situation is recognized by appellant, who contends that the evidence justifies the conclusion on the part of the jury that he did look and did see the train and tried to stop, but could not because his brakes failed to respond. These are the circumstances relied upon to justify such an inference: (a) At one point between Manitowoc and Two Rivers he apparently had trouble in shifting gears; (b) at another point the car was stopped and he was looking at the engine; (c) just before entering upon the railroad track he slowed down from twelve to fifteen to eight or ten miles an hour; and (d) immediately prior to the accident he asked if a car was coming from the rear, and said he wanted to stop. Granting that these circumstances justify an inference that his car was not working right in some particular, they do not even remotely suggest the thought that his brakes, or other stopping apparatus, were out of order. Clearly there is no relation between a defective brake and a grating noise attending the shifting of gears. Neither does an inspection of the engine, with the hood up, suggest trouble with the brakes. The fact that

he slowed down from twelve to fifteen to eight or ten miles an hour as he approached the crossing does not indicate that his brakes were not working, but rather the contrary. Neither does the inference necessarily arise that he slowed down because he saw the train. Some bumps may be expected to be encountered in crossing a railroad track, and most drivers slow down at railroad crossings out of consideration for the car as well as its occupants. His inquiry as to whether any one was coming from the rear, stating that he was going to stop, just a moment before the collision, indicates a calmness and tranquillity of mind not to be expected on the part of one about to collide with a passenger train. It seems inevitable that if he was conscious of the oncoming train and realized that his brakes were not working, he would give evidence of a more excited state of mind than was apparent to the witnesses who had ample opportunity to observe him. It should be borne in mind that he could and should have discovered the train when he was 250 feet from the track. He was then going at the moderate rate of twelve to fifteen miles an hour. The natural instinct would be to slow down at once, and in fact it appears that he did. Upon an attempt so to do he would immediately have discovered the inadequacy of his brakes, upon which discovery he would have done something more to avoid the accident than to steer straight onto the tracks, with both hands on the steering wheel. One would expect him to at least seize the lever of the emergency brake, and, as a last resort, turn from the traveled track and run the car into the ditch, if necessary. If he appreciated the danger that lay directly in front of him, there would certainly have been some manifestation of fright, some exclamation, some warning to the others, some visible effort to prevent the collision in some way. Had he seen the oncoming train he would not have inquired whether any one was coming from behind before attempting to stop. Close as he must have been to the track at the time, if he were

conscious of the oncoming train he would instinctively have exerted every effort at his command for his personal safety and for the safety of the other occupants of the car. All of the circumstances are quite convincing that none of the occupants of the car knew of the approaching train until Bauman said "Stop," and then it was too late for Kucera to stop before reaching the tracks. We are convinced that the learned circuit judge correctly concluded from the evidence that the negligence of Kucera constituted more than a slight want of ordinary care. But whether this be true as a matter of fact, we think it must be so held as a matter of law.

The jury found Kucera guilty of negligence. The question immediately arises, Of what negligence could he be guilty? Manifestly, his failure to look for an approaching train is one thing that would constitute negligence. This negligence, however, could not be termed a slight want of ordinary care. *Todoroff v. C. & N. W. R. Co.* 169 Wis. 554, 173 N. W. 214. Could the defendant have been guilty of negligence in any other particular that would have amounted to no more than a slight want of ordinary care? It is clear to our minds that if he saw the oncoming train when 250 feet, or any other distance, from the tracks and proceeded with the intention of stopping before reaching the tracks, and upon seasonable effort so to do discovered for the first time that the stopping mechanism of the car failed to work, and because of such failure he could not avoid entrance upon the pathway of the train, he would not be guilty of any degree of negligence. On the other hand, if he had prior knowledge of the imperfect condition of the stopping mechanism of the car, it was his duty to approach the track cautiously and at a rate of speed that would enable him to bring the car, in its then condition as known to him, to a stop before reaching the zone of danger, and if, having knowledge of such defective condition of the car, if it existed, he failed to approach the track with that degree of

caution, he was guilty of more than a slight want of ordinary care. The reasons which require men to look and listen before attempting to cross a railroad track equally require the driver of a defective automobile approaching a railroad track to have the car under such control as will enable him to stop before reaching the zone of danger, and if he fails in this regard his negligence is of the same degree as the negligence of one who neither looks nor listens. So that, as we view the situation, Kucera was either guilty of no negligence at all or he was guilty of more than a slight want of ordinary care. The jury found him guilty of negligence. It being determined that the only negligence of which he could be guilty constitutes more than a slight want of ordinary care, the trial court correctly changed the answer to the seventh question from No to Yes.

It is well established in this state that the negligence of the driver of a private conveyance is imputed to persons voluntarily riding with him, and if such negligence of the driver contributes to an injury received by one of such persons while so riding it defeats his action for damages against a third party based on negligence of the latter. *Prideaux v. Mineral Point,* 43 Wis. 513; *Lightfoot v. Winnebago T. Co.* 123 Wis. 479, 102 N. W. 30; *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629. It follows that Kucera's negligence was imputed to Bauman and that the plaintiff in this action cannot recover.

*By the Court.*—Judgment affirmed.