NEW AMSTERDAM CASUALTY COMPANY, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*April 8—May 11, 1926.*

*Railroads: Accidents at grade crossings: More than slight want of ordinary care: Failure of traveler to observe approaching train.*

A truck driver, approaching a familiar railroad crossing without observing the approach of a passenger train which was moving rapidly and with the bell ringing, was guilty of more than a slight want of ordinary care as a matter of law, where, if he had looked, he could have seen the train in time to stop, notwithstanding sub. (6), sec. 192.27, Stats., requiring the jury to determine whether the negligence of a traveler on a highway was less or more than a slight want of ordinary care.

APPEAL from a judgment of the municipal court of Langlade county: A. N. WHITING, Judge. *Reversed.*

At about 6 a. m. September 3, 1923, one Walter Heinrich, then forty-one years old, was instantly killed by reason of a collision between an auto truck he was then driving easterly on Seventh avenue in the city of Antigo, said county, with defendant's north-bound passenger train.

On the west line of the railway right of way and commencing about twenty-one feet south of the south line of said Seventh avenue there were a number of buildings; an elevator, sheds, and warehouses occupying a little more than 500 feet in length of the space between Seventh and Eighth avenues to the south; the longest vacant space between any of such buildings being about thirty-eight feet. These buildings practically shut off the view to the south of one approaching, as did deceased, the main line of the railroad. For some distance to the west on Seventh avenue the view to the north was clear and unobstructed to the depot, about 440 feet away. Parallel with and about fifteen feet from the main track and running alongside the

elevator and the warehouses was a siding about six feet east of the east line of the elevator.

There was testimony that on the morning in question there was a freight car standing on this siding about opposite the elevator.

The issues submitted to the jury were determined by them as follows: (1) The speed of defendant's train exceeded twelve miles per hour approaching this crossing. (2) Such rate of speed was the proximate cause of Walter Heinrich's death. (3) Such rate of speed was thirty miles per hour. (4) The engine bell rang continuously. (5) The auto truck was being driven at thirteen miles per hour. (6) Walter Heinrich was not guilty of more than a slight want of ordinary care contributing to his death. (7) The compensation to the widow for the pecuniary loss from the husband's death was $9,000.

Compensation in the amount of $5,800, with funeral expenses, was awarded the widow by the industrial commission against Heinrich's employer, and this action was brought by the plaintiff, the insurance carrier, as assignee of any cause of action on account of such death.

From the judgment in favor of the plaintiff for the amount found by the jury, with costs, defendant has appealed.

*John F. Baker* of Milwaukee, for the appellant.

For the respondent there was a brief by *Ray C. Dempsey* and *George J. Bowler,* both of Antigo, attorneys, and *Stephens, Sletteland & Sutherland* of Madison, of counsel, and oral argument by *Mr. Bowler* and *Mr. Glenn W. Stephens.*

ESCHWEILER, J.  The deceased had been familiar with this crossing for some time in daily trips with the same truck.  The accident happened on a clear, quiet day, and there was no testimony showing that the attention of de-

ceased was then attracted away from the crossing. There was testimony that as the train approached from the south the whistle was blown so as to be audible to some in the immediate neighborhood, and although a failure to sound the whistle was alleged in the complaint no question concerning it was submitted to the jury.

Several questions are presented and argued on this appeal. We deem it necessary, however, to consider but the one—whether there was more than a slight want of ordinary care proximately contributing to his death by Walter Heinrich in his approaching the crossing.

The only testimony as to the distance within which such truck could be stopped was that by the employer of the deceased and owner of the truck, who stated that at the rate of ten miles an hour it could be stopped within twenty feet.

There was dispute in the testimony as to the location on this morning of the freight car on the siding. Assuming this to be, as was claimed by plaintiff, about ten feet south of the north end of the elevator, then from the center of Seventh avenue, a little south of which center the deceased was traveling, and when fifteen feet west of the main track, that track could be observed for a distance of 235.9 feet south of the center of Seventh avenue; at 25 feet west, 125.4 feet; at 37 feet, 104.7 feet; at 50 feet, 94.9 feet; or even if, as here argued by respondent, the freight car was flush with the north end of the elevator, then at 37 feet west, 90.7 feet to the south could be seen; at 25 feet west, 111.7 feet.

The testimony of the eye-witnesses disclosed that the truck was being driven in a straight line and with no discernible slackening of speed until, as indicated by the wheel tracks, it was within about four feet from the main track, when it turned towards the north. The train struck the truck just back of the front wheels and of the driver's

cab in which Heinrich was seated, and about six feet back from the front end. The truck was carried some 204 feet to the north.

At the respective rates of speed of the truck and train as found by the jury, namely, thirteen and thirty miles per hour—and both such findings are supported by the evidence,—the train was traveling about 2.3 feet while the truck was advancing one foot. From a point at least thirty-seven feet away from the crossing, the train at its rate of speed could not have been in any event beyond the possible range of vision of one approaching as was the driver of the truck.

The situation thus presented is that of a driver of a truck, approaching a familiar railroad crossing, entering into a known zone of great danger without observing the approach of a rapidly moving passenger train with its bell ringing, and which he must have seen if he had looked in the direction from which it was approaching while he was driving over a space within which he evidently could have brought the truck to a stop or turned to the north or south and averted the disastrous and tragic result.

We feel that under the former and recent holdings of this court there was thus presented a situation which should have required the court below and now requires this court to say, as a matter of law, that the verdict of the jury finding that there was no more than a slight want of ordinary care on the part of the truck driver was wrong, and that such question of the special verdict should have been answered to the contrary and judgment granted for the defendant.

Much reliance is placed by respondent's counsel upon the former holdings of this court in *Gordon v. Ill. Cent. R. Co.* 168 Wis. 244, 169 N. W. 570; *Wade v. C. & N. W. R. Co.* 146 Wis. 99, 130 N. W. 890, and others.

Such prior cases and this subject matter and under the

particular statute, sec. 192.27, sub. (6), formerly sec. 1809, as to railroad crossing accidents, requiring a jury to determine whether any negligence on the part of the traveler on the highway was less or more than slight want of ordinary care, have been so recently, completely, and often discussed by this court that we feel it unnecessary to further elaborate upon or repeat what was said and held in the line of cases which we deem controlling on us in the disposition we are now making of this case, such as *Roth v. C., M. & St. P. R. Co.* 185 Wis. 580, 201 N. W. 810; *Sweeo v. C. & N. W. R. Co.* 183 Wis. 234, 197 N. W. 805; *Van Dunk v. C. & N. W. R. Co.* 188 Wis. 476, 206 N. W. 852; *Rowart v. K., G. B. & W. R. Co.* 175 Wis. 286, 185 N. W. 189; *Bahlert v. C., M. & St. P. R. Co.* 175 Wis. 481, 185 N. W. 515; *Puhr v. C. & N. W. R. Co.* 171 Wis. 154, 176 N. W. 767; *Twist v. M., St. P. & S. S. M. R. Co.* 178 Wis. 513, 190 N. W. 449.

It follows from what has been said that no recovery against the defendant can be supported under the evidence.

*By the Court.*—Judgment reversed.