·JIRACHEK, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*April 24—May 11, 1909.*

·*Street railways: Negligence: Starting car while passenger is alighting: Sufficiency of special verdict: Finding as to negligence: Trial: Instructions to jury: Credibility of witnesses: Requests embraced in charge: Instructions applicable to the evidence: Burden of proof as to damages.*

1. A street-car conductor who starts his car when he knows a passenger is in the act of alighting is guilty of negligence as matter of law.
2. Evidence that a street-car conductor was on the rear platform as a passenger was alighting and saw the passenger in the act, and that the conductor rang the bell for the car to start, in connection with findings otherwise sufficient to charge the street-car company with negligence, renders unnecessary a formal finding of negligence.
3. Where a witness who had been examined under sec. 4096, Stats. (1898), on cross-examination on the trial admitted the making of some statements on his examination contradictory to those

made on the trial, an instruction: "You should not consider the evidence of the [witness] given at any time prior to the trial of this action, *in so far* only as to determine the credibility of the [witness's] evidence given here, and the weight to be given to his evidence," while inaccurate in that the word "except" should properly have been inserted in place of "in so far," is *held* not to have misled the jury.

4. It is not error to refuse a correct requested instruction where its substance is embraced in the charge as given.

5. Requested instructions, not applicable to the evidence given on the trial, are properly refused.

6. While a correct requested instruction that the burden of proof to show his damages is upon the plaintiff should properly have been given, its omission is not prejudicial, where the court fully and explicitly charged the jury to allow only such damages as were proven by the evidence to a reasonable certainty to have been sustained as the natural and probable consequence of the injury.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

The plaintiff, while stepping from one of defendant's street cars in the city of Milwaukee on the 30th of March, 1907, fell to the pavement and was severely injured. He claimed that the car started while he was in the act of alighting, thus throwing him to the ground, while on the other hand it was claimed that the plaintiff attempted to get off the car before it stopped. This was practically the sole issue in the case. The jury returned a special verdict, by which they found: (1) That the plaintiff was injured while alighting from the car; (2) that the car started while he was alighting and thus caused him to fall to the pavement; (3) that the starting of the car was the proximate cause of his injury; (4) that plaintiff did not alight before the car had stopped; (5) that the plaintiff was not guilty of contributory negligence; and (6) that plaintiff's damages were $3,000. The defendant moved to change the answers to the second and third questions and for judgment on the verdict as amended; also for judgment notwithstanding the verdict; also that the verdict be set aside and a new trial be granted for all the usual rea-

sons.  These motions being overruled and judgment entered for the plaintiff on the verdict, the defendant appeals.

The cause was submitted for the appellant on the brief of *Clarke M. Rosecrantz.*

*O. W. Bow,* for the respondent.

WINSLOW, C. J.  Appellant's first contention is that there was no evidence showing that plaintiff was alighting from the car after it had stopped, but rather that the only fair inference is that the plaintiff attempted to alight before the car had quite stopped.  This contention cannot be sustained.  It is true that the plaintiff, who testified through an interpreter, is not as definite in his testimony on the subject as might be desired, but he says that the car stopped at Eleventh avenue, where he wished to get off.  In answer to a later question as to how he got hurt he said that he took hold of the rail of the car with his left hand and was stepping off the car, and at that moment the car started forward and he was thrown to the ground and the car went along.  In addition to this the conductor of the car testified directly that he was on the back platform and saw the plaintiff when he got off and that the car was then standing still.

It is next contended that the verdict is insufficient because there is no specific finding of negligence.  The verdict finds that the plaintiff alighted after the car had stopped, that the car started while he was alighting and threw him to the pavement, and that the starting of the car was the proximate cause of plaintiff's injury.  There is no finding that the act of starting the car was negligence, and the question might be a serious one if the facts as to the starting of the car were in dispute.  There is no dispute, however, as to the fact that the conductor was on the rear platform as the plaintiff was alighting and saw the plaintiff in the act.  The conductor so testifies, while the plaintiff testifies that the conductor was at the door of the rear platform, and no witness testifies to the

contrary. Nor is there any dispute as to the fact that the conductor rang the bell to start the car. A conductor who starts his car at a time when he knows a passenger is in the act of alighting is guilty of negligence as matter of law. The facts found by the jury, taken in connection with the admitted facts, establish beyond controversy that such was the case here, and hence there was no necessity for a formal finding of negligence by the jury. These considerations obviate the necessity of any consideration of the provisions of ch. 346, Laws of 1907 (sec. 2858m, Stats.)

A number of contentions relating to the charge of the court are made and will be briefly noticed:

*First.* The conductor of the car was examined before the trial under sec. 4096, Stats. (1898), and was cross-examined on the trial with relation thereto, and forced to admit that he made some statements upon his examination contradictory to those made on the trial. The court charged the jury in connection with question No. 2 as follows:

"But in considering your answer to that question you should not consider the evidence of the conductor given at any time prior to the trial of this action, *in so far* only as to determine the credibility of the conductor's evidence given here, and the weight to be given to his evidence."

It is now claimed that by this instruction the jury were told that they could not consider the statements made on the examination under sec. 4096, for the purpose of testing the conductor's credibility, and as this was the only purpose for which the statements were admissible it is said there was prejudicial error committed. It is very evident that the court intended just the opposite meaning, and this intention is so apparent that we regard the objection as hypercritical. It is true that the wording of this instruction is inaccurate, and that the word "except" should properly be inserted in place of "in so far;" but we are quite well convinced that the jury must have understood the sentence as the court intended and could not have been misled by its faulty wording. An in-

struction embodying the correct idea was refused by the court, but as we regard its substance to have been given in the instruction attacked there was no error in the refusal.

*Second.* An instruction to the effect that a slight want of ordinary care by plaintiff, contributing to his injury, would require an affirmative answer to the question of the verdict which was addressed to that subject, was requested and refused. The legal principle stated in the instruction was, of course, correct, but under the circumstances we do not consider the ruling erroneous. The only contributory negligence claimed was that the plaintiff attempted to alight while the car was in motion, and the court fully and carefully charged the jury that if he made this attempt, and by reason thereof fell or was thrown from the car, he was guilty of contributory negligence. This covered the whole subject and rendered any further instruction unnecessary.

*Third.* Two instructions bearing upon the third question were requested and refused. The first was to the effect that if the car was stopped and so remained for a length of time reasonably sufficient for the plaintiff in the exercise of ordinary care to alight, and the car was then started by defendant's servants without their knowing or having reason to believe that the plaintiff desired to alight or was in the act of alighting, then the starting of the car was not the proximate cause of plaintiff's injury. The second instruction was to the effect that if, when the car started, the plaintiff was not in a position reasonably calculated to inform defendant's servants, had they exercised due care, that plaintiff would probably be injured by the starting of the car, then the starting of the car was not the proximate cause of the injury. Inasmuch as the undisputed evidence shows that the conductor was on the rear platform and saw, or should have seen, the plaintiff as he was alighting, these instructions were not applicable to the evidence and hence were properly refused.

*Fourth.* An instruction to the effect that the burden of proof to show the amount of his damages was upon the plaint-

iff was refused. It would have been better to have given the instruction as asked, but inasmuch as the court charged fully and explicitly to the effect that the jury should only allow such damages as were proven by the evidence to a reasonable certainty to have been sustained by the plaintiff as the natural and probable consequence of the injury, we cannot regard the omission of the instruction as in any way prejudicial.

*Fifth.* An instruction that the jury were not bound to find the existence of any fact inherently improbable, although there was testimony from the mouths of witnesses tending to prove the fact, was properly refused. We find no evidence in the case to which it was fairly applicable.

*By the Court.*—Judgment affirmed.