## NORMAN v. LAMBERT.

No. 5574—Opinion Filed May 15, 1917.

Rehearing Denied Aug. 14, 1917.

(167 Pac. 213.)

(Syllabus by the Court.)

**1. Appeal and Error—Sufficiency of Evidence—Motion for New Trial.**

Where the plaintiff submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial.

**2. New Trial—Motion for New Trial—Construction.**

A motion for a new trial upon the ground "that the verdict is contrary to law," because of the insufficiency of the evidence (considered for the purposes of the case as sufficient to raise the question), adds nothing to the further ground, urged in connection therewith, that the verdict is not sustained by sufficient evidence.

**3. Trial—"Verdict Contrary to Law."**

Ordinarily a verdict is contrary to law when it is returned in disobedience or disregard of the court's instructions.

**4. Appeal and Error—Review—Instructions—Exceptions.**

Where, after the submission of the instructions to the jury, the court stated that both plaintiff and defendant would be allowed to object, and were entitled to an exception, to the giving of each of the instructions submitted to the jury, but no objections were made or exceptions taken during the trial, and where there was included in the court's charge numerous correct instructions of law, to which no objections were ever made, this court, in reviewing . the judgment, will not consider alleged errors in a part of the instructions, because of the failure of the losing party to except, as required in section 5003, Rev. Laws 1910.

Error from District Court, Alfalfa County; James W. Steen, Judge.

Action by E. M. Norman against Sam C. Lambert. Judgment for defendant, and plaintiff brings error. Affirmed.

Former opinion, 153 Pac. 1097, withdrawn.

Walter L. Owen, for plaintiff in error.

A. J. Titus, for defendant in error.

SHARP, C. J. The first ground urged for reversal of the judgment of the trial court is that the verdict is not sustained by sufficient evidence, and is contrary to law. At the trial plaintiff neither demurred to the evidence nor asked for a directed verdict, and it is vigorously urged that he cannot in this court raise the question that the verdict was unsupported by the evidence. It is a rule very generally followed that questions not presented in the trial court in some appropriate manner will not be considered by proceedings in error; that objections must be made in the trial court in order to reserve questions for review; also that questions respecting sufficiency of the evidence to authorize the submission of the cause to the jury must be raised by proper objection in the trial court, and will not be considered if raised for the first time on appeal; that whether there is any evidence tending to support a verdict cannot be raised for the first time on appeal. The proper mode of raising the objection that the evidence is insufficient to authorize a recovery is by demurrer to the evidence, or by motion or request for a directed verdict in favor of the party objecting, or, in some juurisdictions, by motion for a nonsuit or dismissal. As a rule, such demurrer, request, or motion is necessary in order that the objection may be considered on appeal. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac 739; Ruthledge v. Jarvis et al., 60 Okla. 66, 158 Pac. 586.

As counsel for plaintiff in error contends that the decisions of this court defining the proper practice in such cases have been erroneously decided, we have made independent investigation of the question, with the result that we are firmly convinced of the soundness of the rule requiring that advantage of the point be taken during the trial as held in the former opinions of the court. A great number of cases in harmony with our former opinions may be found in 3 Corpus Juris, p. 839 et seq., and Bayless on New Trials and Appeals, p. 503. The fundamental principle upon which the proceedings of a trial court are brought to this court for review is to ascertain whether such trial court

erred in passing on questions presented to it during the trial, or some proceeding in connection therewith. If the questions were not raised in the trial court, and no ruling had thereon, it cannot be said that the trial court committed error. Nor can hardship arise from an observance of this rule. It is a very simple procedure for counsel either to demur to the evidence or to request the trial court to direct a verdict in their favor. When this is done, the court determines as a matter of law whether or not the motion or request should be sustained; and, if not sustained, by proper exception the court's action is saved for review. To remain passive is not sufficient, for counsel may not speculate on the result of the verdict without being bound thereby, in the event it should prove to be adverse.

The second ground of the assignment, "that the verdict is contrary to law," does not appear to be based upon the claim that the jury in reaching a verdict disregarded the court's instructions, but that, on account of the insufficiency of the evidence on the part of defendant, plaintiff was entitled to a verdict in his favor "as a matter of law." We are unable to make any substantial distinction between an assignment based upon the allegation that the verdict is not sustained by sufficient evidence and where—because of insufficiency of the evidence—the verdict is contrary to law. In such circumstance the latter furnishes no additional ground for a new trial; neither does it strengthen the ground that the verdict is not sustained by sufficient evidence. This assignment, it must be kept in mind, does not deal with the court's instructions, but instead argues, as though before a trial court, abstract propositions of law, which it is claimed determined the rights of the parties under the evidence. By it we are asked to say, in effect, that notwithstanding the neglect of the plaintiff to demur to the evidence, or to ask a peremptory instruction, and thereby afford the trial court an opportunity to rule upon the sufficiency of the evidence offered by the defendant, it is our duty to examine the evidence and determine its sufficiency to support the verdict, because of the action of the trial court in refusing to grant plaintiff a new trial. Such is not the province of a reviewing court, under the circumstances disclosed by the record. Statutes authorizing trial courts to grant a new trial of an issue of fact, after a verdict of the jury, including as ground therefor that the verdict rendered is contrary to law, have not received an harmonious construction. A number of authorities hold that the phrase "contrary to law," as used in such statutes,

means "contrary to the instructions," and that, to obtain a new trial upon that ground, it must be made to appear that there was an instruction which was disregarded; that it is not enough that a principle of law, not embodied in an instruction, was disregarded by the jury. Hayne's New Trial and Appeal, section 99; Valerius v. Richard et al., 57 Minn. 443. 59 N. W. 534; Emerson v. Santa Clara, 40 Cal. 543. As it is obvious that, in the assignment under consideration, the phrase "contrary to law" refers only to the insufficiency of the evidence to support the verdict as a matter of law, and not to the fact that the verdict is contrary to or in disregard of the court's instructions, it is unnecessary that the objection be given further consideration. This we say, notwithstanding the former opinion of this court in Chicago, R. I. & P. R. Co. v. Groves, 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802, which apparently announces a different rule.

It is next urged that the court erred in giving instructions numbered 4 to 9, inclusive. Turning to the record, we find that plaintiff neglected either to ask any instructions or to except to the instructions given. Section 5003, Rev. Laws 1910, requires that it shall be sufficient for a party excepting to the giving of instructions to write, at the close of each instruction, "Given and excepted to," which shall be signed by the judge. Here there was nothing to indicate a desire on the part of the plaintiff to except to any of the instructions submitted by the court. After the court had charged the jury, the following transpired:

"By the Court: To the giving of each of the instructions of the court, both the plaintiff and the defendant will be allowed to object and are entitled to an exception."

But, as no exception was taken, though opportunity therefor was specially called to the attention of counsel, it cannot be said that the mere gratuitous offer of the court will of itself answer the requirements of the statute. The latter appears to contemplate some affirmative act on the part of counsel— something that will indicate that the instructions are not acceptable to counsel and that he excepts to them. We have repeatedly held that, before this court will review the correctness of instructions given by the trial court, the record must affirmatively show an exception to the giving of such instructions at the time they were given. Carter v. Missouri Min. Co., 6 Okla. 11, 41 Pac. 356; Everett v. Akins, 8 Okla. 184, 56 Pac. 1062; Harness v. McKee-Brown Lbr. Co., 17 Okla. 624, 89 Pac. 1020; Territory v. Choctaw, O. & W. R. Co., 20 Okla. 663, 95 Pac.

420; Taylor v. Johnson, 23 Okla. 50, 99 Pac. 645; Finch v. Brown, 27 Okla. 217, 111 Pac. 391; Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 139 Pac. 270. Also that a general exception to a charge containing several distinct instructions, some of which are not objectionable, will not be available as error. Shelby v. Shaner, 28 Okla. 605, 105 Pac. 785, 34 L. R. A. (N. S.) 621; Eisminger v. Beman, 32 Okla. 818, 124 Pac. 289. The court's charge contained 13 separate paragraphs, to but 6 of which objections are even now urged. It may be helpful in this connection to quote from the language of the Supreme Court of the United States, in Holloway v. Dunham, 170 U. S. 615, 18 Sup. Ct. 784, 42 L. Ed. 1165, affirming the decision of this court in 3 Okla. 244, 41 Pac. 140, upon the general question of the purpose of the rule requiring objections to the court's charge. The opinion reads in part:

"The statement in the record in regard to the manner in which the defendant took exceptions to the charge of the judge leaves the fact quite plain that those exceptions were taken generally and in a lump, and were not in reality taken separately or applied specifically to any particular instructions. It was a general statement that the whole charge of the judge was specifically excepted to. No specifications were given; nothing was said in the way of calling the attention of the judge to any particular portions of his charge which the defendant objected to. When we look at the instructions contained in these various paragraphs, we see that in many of them there are two or more different propositions of law, and that a general exception taken to any of such paragraphs would be insufficient, if one of the several propositions were correct. Should one general exception to 13 different instructions be considered sufficient, when each instruction consists of different propositions of law and of fact, and many of them are clearly correct? We think not. The wholesale manner of taking exceptions is unfair, both to the judge and the opposite party. After a judge has given a long charge to the jury, consisting of many different propositions of law and fact involved in the trial, a general exception, noted at the end of the charge, to each proposition separately of law or fact announced therein, is not sufficient, if any proposition of law contained in the charge is correct. Those propositions in regard to the correctness of which there is a real controversy should be at least called to the attention of the judge, so that, if he thought it proper, he might correct, modify, or explain them."

So that, even were we to consider the offer of the court at the conclusion of its charge the equivalent of an objection on the part of plaintiff, yet, under the rule announced, being general, and there being instructions to

which no objections were urged, it could not be made the foundation for reversal of the judgment of the trial court.

Upon the remaining ground, that of error in the admission of the evidence, we are unable to say, from an examination of the record, that any reversible error was committed. The answer set up fraud and misrepresentations on the part of the payee and comaker of the note in procuring Lambert's execution thereof. This defense was abundantly established by the evidence; in fact, shown beyond all controversy. The testimony to which objection was made tended to establish the circumstances under which Lambert executed the note, and was, we think, competent for that purpose.

Finding no error, the judgment of the trial court is affirmed.

All the Justices concur.