## CONSTANTIN REFINING CO. v. THWING INSTRUMENT CO.

No. 8685—Opinion Filed Jan. 13, 1919.

(178 Pac. 111.)

(Syllabus.)

1. Sales — Action for Price—Notice of Defect—Instructions.

Instructions given and requested instructions refused examined, and held that the

court did not err in instructing the jury in the respects complained of.

## 2. New Trial—"Verdict Contrary to Law."

A verdict is contrary to law when it is rendered in disobedience or disregard of the court's instructions.

## 3. Appeal and Error—Insufficiency of Evidence—Presentation of Grounds of Review.

Where the plaintiff in error (defendant below) acquiesced in the submission of the issues to the jury without either demurring to the plaintiff's evidence or asking an instructed verdict, or otherwise attacking the sufficiency of the evidence, he cannot in this court successfully claim the evidence does not support the verdict, even though assigned in the motion for new trial as grounds therefor.

Error from County Court, Tulsa County; John R. Ramsey, Judge.

Action by the Thwing Instrument Company, against the Constantin Refining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Pat Malloy and E. M. Gallaher, for plaintiff in error.

Poe, Hindman & Lundy, for defendant in error.

SHARP, C. J. On August 11, 1914, the Thwing Instrument Company sold the Constantin Refining Company of Tulsa a recording pyrometer and six thermocouples, the consideration therefor being $350, payable one-half in 30 days, the balance in 90 days from installation. As a part of the consideration the instruments were to be installed under the supervision of the seller, who guaranteed "the perfect working of the instrument" for two years. After installation, and on September 24th, the instrument company wrote the refining company, demanding payment of the first installment, which letter the refining company did not answer. Again, on October 21st, the vendor wrote the refining company, calling attention to the past-due installment, and asked for payment thereof. This letter likewise remained unanswered. On November 10th the vendor drew a sight draft on the refining company for the full amount of the purchase price, which draft was returned unpaid. On December 1st following a third letter was written the refining company, complaining of its action in failing to pay the draft drawn on presentaton. On December 11th the president of the refining company wrote the instrument company, admitting the receipt of its letters, and stating that the account

would have been paid had the president of the company, C. B. Thwing, "finished the installation of the same" (referring to the pyrometer and thermocouples), and in which letter it was further stated that the instruments were of no use because of a defect in the "registering sheet riding over the roller." This letter, according to the evidence, was not mailed until December 21st. Immediately upon its receipt the instrument company wrote the refining company again, complaining of its action in not meeting its obligation, and informed it how the defect could be overcome, and at the same time sent a considerable number of extra charts for the use of the refining company. These charts or registering sheets, it was claimed at the trial, were not received by the refining company, and on January 5, 1915, 100 additional charts were sent by insured parcel post to the refining company. The defense of the refining company was a breach of warranty of the instrument sold it.

The first error assigned is the giving of instruction 4 and the refusal to give defendant's requested instruction No. 4. We have examined these instructions, in connection with proposition No. 2 of the plaintiff's brief, and are unable to see wherein the court erred in giving and refusing the respective instructions. The instruction given informed the jury that it was the duty of the defendant under the contract in evidence, to notify plaintiff of any defect in the instrument within a reasonable time after such discovery; but, if after a defect was discovered by defendant, and within two years (time limit of the guaranty) after the installation of the instrument, and before the commencement of the action, defendant notified plaintiff of the defect, and plaintiff endeavored to correct the same, then plaintiff waived its right to object to the sufficiency of the notice. This instruction was most favorable to the defendant company, which for more than months had failed to notify plaintiff of any defect in the practical operation of the registering instrument. Indeed this very point is made by the plaintiff in error in its argument of proposition No. 2, wherein it says:

"If notice was necessary, did the plaintiff, by sending charts to remedy a defect, waive the notice? This proposition is discussed on the presumption that a notice was necessary, which is denied, and it is proposed to be shown that the action of plaintiff absolutely waived the notice."

This, in substance, is what the court told the jury in the instruction.

Very much the same situation is presented in respect to the defendant's requested instruction No. 4, which informed the jury that it was no part of the duty of the defendant to give notice of the defect in the pyrometer, as, whether it was or not, notice was given of which the plaintiff took cognizance and attempted to remedy the defect complained of.

Propositions numbered, respectively, 3 and 4 urge that the verdict of the jury is contrary to law and the evidence, and may be considered together. Each urge the insufficiency of the evidence to sustain the verdict. A very similar question presented in the third propositon was before the court in Norman v. Lambert, 64 Okla. 238, 167 Pac. 213, in which we held there was no substantial distinction between an assignment based upon the allegation that the verdict was not sustained by sufficient evidence and where, because of the insufficiency of the evidence, the verdict was contrary to law; that in such circumstances the latter furnished no additional ground for a new trial; neither did it strengthen the ground that the verdict was not sustained by sufficient evidence. There as here the assignment did not deal with the court's instruction, but instead with abstract propositions of law, which it claimed determined the rights of the parties under the evidence. The court adopted the view that the phrase "contrary to law," as there used, meant "contrary to the instructions," and that in order to obtain a new trial upon that ground it must be made to appear that there was an instruction which was disregarded; that it is not enough that a principle of law not embodied in an instruction was disgarded by the jury. Finally, turning to the proposition that the verdict is contrary to the evidence, we find from an examination of the record that the defendant during the trial failed either to demur to the evidence or to ask for an instructed verdict, or in fact in any form to raise the issue of the sufficiency of the evidence to support a verdict for plaintiff. This question has received the consideration of this court on repeated occasions, as will be seen from an examination of the opinion in Norman v. Lambert, supra, and it may now be said to be the settled rule of this court that, where the plaintiff submits his case to the jury, and the defendant neither demurs to the evidence nor asks an instructed verdict, nor otherwise legally attacks the sufficiency of the evidence, the question whether there is any evidence reasonably tending to support plaintiff's case is not presented for review by defendant's *motion for* a new trial. Authorities supporting this rule are numerous. The reason for the rule is well stated in Hecla Powder Co. v. Sigua Iron Co., 157 N. Y. 437, 52 N. E. 650, affirming 91 Hun. 429, 36 N. Y. Supp. 838, in which the court say:

"In a civil action we can only reverse upon exceptions, and are compelled to disregard all errors committed by the trial court, unless they were pointed out by an objection and saved by an exception, no matter how serious those errors may be. Wicks v. Thompson, 129 N. Y. 634 [29 N. E. 301]. It is necessary for a party who wishes to preserve a point for the consideration of this court to give the trial court a chance to act advisedly by interposing a proper objection, which raises the point, and by taking an exception, mhich saves the point. No objection not taken upon the trial, can be urged or considered here. Serviss v. McDonnell, 107 N. Y. 260, 265 [14 N. E. 314]. The position now taken by the appellant that the evidence does not warrant the verdict cannot be sustained, because it did not take that position at the trial. Duryea v. Vosburgh, 121 N. Y. 57 [24 N. E. 308]. No motion was made to direct a verdict or in the nature of a nonsuit or to dismiss the counterclaim, or to take any issue from the jury. So far as appears from the record, which is the only authentic evidence of the proceedings at the trial, the appellant acquisced in the submission of all the issues to the jury, and it cannot now be heard to claim that this was error. By not making the objection then, it waived its right to make the objection now."

The judgment of the trial court is affirmed.

All the Justices concur, except TURNER., J., and BRETT, J., absent.