ROWART, Administratrix, Appellant, vs. KEWAUNEE, GREEN BAY & WESTERN RAILROAD COMPANY, Respondent.

*October 15—November 15, 1921.*

*Railroads: Accident at crossing: Automobiles: Contributory negligence of driver: Failure to heed signals: Duty to look before crossing track.*

1. In an action against a railroad company for the death of the driver of a taxicab as the result of a collision at a public crossing, where it is shown by undisputed, competent, admissible evidence that the deceased was guilty of a want of ordinary care exceeding a slight want thereof as a matter of law, which proximately contributed to his death, alleged procedural errors will not be considered because they cannot affect the ultimate result of defendant's nonliability.

2. Where the undisputed evidence showed that a switch engine making a flying switch across a street left a signalman to flag the crossing, who stopped the driver of the taxicab, and

after the engine had passed, notwithstanding the signals and shoutings of the signalman, the driver started his taxicab and was struck by the cars following, he was guilty of contributory negligence barring a recovery for his death.

3. The driver having stopped eighty feet from the track while the engine passed, the duty rested upon him to look for cars after again starting up to cross the track, and it was also his duty to look ahead in the direction in which he was driving.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

Action for personal injury which resulted in the death of plaintiff's husband, Victor Rowart, by reason of a collision between his taxi and defendant's cars in the city of Green Bay on the 5th of April, 1917, at about 7 p. m. Quincy street runs north and south and defendant's track runs east and west, intersecting Quincy street at about right angles. The grade of the track is about two and a half or three feet higher than the grade of the street. Just west of the traveled track of Quincy street and parallel to it is the track of the Chicago, Milwaukee & St. Paul Railway Company. On the east side of Quincy street and to the north of defendant's track is a switch connecting defendant's main line with a switch track running east and parallel to the main line on the south of it. On the day of the accident the switching crew had grouped ten cars on the main line about 550 to 600 feet west of Quincy street for the purpose of making a flying switch across the street. Beginning at the east the cars were grouped as follows: Three log flats, five gondolas, and two box cars, the box cars being loaded. The engine left one man, Gallagher, at the switch to throw it and flag the crossing, there being no regular flagman there, and then ran west and coupled onto the cars. One man, Wood, remained on the foot-board of the engine, and another, Russell, rode on the east end of the easterly flat car. All carried lighted lanterns. The engine then ran east, and when about 250 feet from Quincy street the coupling pin between the engine and the cars was pulled by Wood and the engine ran ahead of the cars and across Quincy street. Just about the time the pin

was pulled a second crossing signal was sounded by the engineer. As the engine passed over Quincy street the cars were from 60 to 180 feet west of the street. The deceased, a taxi driver, approached Quincy street from the north, and Gallagher stepped from the switch to the center of the road and signaled him to stop with his lantern. The driver brought the taxi to a stop about eighty feet from the track as the engine passed. After the taxi was stopped Gallagher started to turn around and go back to the switch, when the deceased started up again. Gallagher then turned about, signaled him to stop a second time, and continued to wave his lantern and "holler" till forced to jump out of the way of the taxi, but the deceased proceeded to cross the track and was struck by the cars. Russell on the flat car also "hollered" at the taxi.

The jury found (1) that Victor Rowart came to his death on April 5, 1917, by the automobile which he was driving over the public highway crossing on Quincy street in the city of Green Bay, meeting in collision with the moving flat cars of the defendant company; (2) that such collision was not caused by the defendant company negligently failing to group, arrange, and use cars having serviceable brakes, while making the flying switch over such public highway; (3½) that the defendant company ran its locomotive and cars faster than twelve miles an hour while approaching and within twenty rods of the Quincy-street crossing; (3¾) that such running of locomotive and cars faster than twelve miles an hour was a proximate cause of Victor Rowart's death; (4) that such collision was caused by the defendant company negligently failing to protect the highway crossing as to travelers on Quincy street who were themselves exercising ordinary care, during the movement of making this flying switch across the public highway on Quincy street; (5) that such negligence was a proximate cause of the collision and Victor Rowart's death; (6) that such collision was caused by the defendant company negligently failing to give due warning of the near approach of the cars detached from

and following the engine, while making a flying switch over the public highway; (7) that such negligence was not a proximate cause of Victor Rowart's death; (8) that Gallagher, after the auto started towards the crossing, got within the traveled track and swung his lantern to stop the auto; (9) that a want of ordinary care on the part of Victor Rowart contributed to produce the collision and his death; (9½) that such want of care was greater than a slight want of ordinary care; and (10) damages in the sum of $6,000. The defendant moved for judgment on the verdict dismissing the complaint and for costs, which motion was granted. The plaintiff appealed.

For the appellant there was a brief by *Martin, Martin & Martin* of Green Bay, and oral argument by *P. H. Martin.*

For the respondent there was a brief by *Fairchild, North, Parker & Bie* of Green Bay, and oral argument by *H. O. Fairchild.*

VINJE, J.   In actions such as this, where it is shown by undisputed, competent, admissible evidence that the deceased was guilty of a want of ordinary care exceeding a slight want thereof, as a matter of law, which proximately contributed to his death, alleged procedural errors will not be considered because they cannot affect the ultimate result of defendant's nonliability which inevitably follows from the existence of such contributory negligence.   Thus it has been held that where defendant's negligence is shown as a matter of law no finding by the jury that it exists is necessary. *Jirachek v. Milwaukee E. R. & L. Co.* 139 Wis. 505, 121 N. W. 326.

It is undisputed that Gallagher signaled the deceased to stop about eighty feet from the crossing, and that he continued to signal him till he was forced to step aside in order not to be run over by the taxi; that Gallagher when so signaling was some distance north of the railroad track and in the middle of the traveled track of the street.   Russell, on the

east end of the east car, signaled the deceased to stop, and both Gallagher and Russell shouted so loud that persons inside homes about a block away heard it.   The deceased, a man twenty-six years of age with normal hearing and vision, had a clear, unobstructed view of the crossing and of the cars from where he started up the last time and continuously from there up to the track.   An arc light was burning at the crossing so that the whole situation was plainly visible.

It was the duty of the deceased to look for cars after starting up the last time when he was eighty feet from the track. *McKinney v. C. & N. W. R. Co.* 87 Wis. 282, 58 N. W. 386; *White v. C. & N. W. R. Co.* 102 Wis. 489, 78 N. W. 585; *Guhl v. Whitcomb,* 109 Wis. 69, 85 N. W. 142; *White v. M., St. P. & S. S. M. R. Co.* 147 Wis. 141, 133 N. W. 148.

Had he done so he could not have failed to see them, for they were in plain view.   It was also his duty to look ahead in the direction in which he was driving, and had he done so he would have seen Gallagher signaling him to stop.   He must either have been oblivious to his surroundings or else he recklessly disregarded both the lantern signals and the shoutings.   In either case he was guilty of the negligence found.   *Puhr v. C. & N. W. R. Co.* 171 Wis. 154, 176 N. W. 767.   Under the evidence the jury would have erred had they failed to find that deceased was not guilty of a want of ordinary care exceeding a slight want thereof, because it establishes the contributory negligence found as a matter of law.

*By the Court.*—Judgment affirmed.