**NEWTON et al. v. OKMULGEE GROCERY CO.**

No. 11000—Opinion Filed Jan. 30, 1923.

(Syllabus.)

**Appeal and Error—Reserving Error in Trial Court—Objection to Sufficiency of Evidence.**

Where a party acquiesces in the submission of the issues to the jury without either demurring to the plaintiff's evidence, or asking an instructed verdict, or otherwise attacking the sufficiency of the evidence, he cannot in this court successfully claim the evidence does not support the verdict, even though assigned in motion for a new trial as grounds therefor.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by the Okmulgee Wholesale Grocery Company against M. D. Newton and Peter Bonnicelli, doing business under the firm name and style of North Side Grocery Co., on open account. Judgment for plaintiff, and defendants bring error. Affirmed.

Riley Cleveland, for plaintiffs in error.

L. L. Cowley, for defendant in error.

COCHRAN, J. This action was filed by defendant in error against the plaintiffs in error to recover on open account. The case was submitted to the jury, and a judgment returned for the plaintiff. The only assignment of error presented in the brief of the plaintiffs in error is:

"The verdict is not sustained by sufficient evidence and is contrary to the evidence.

No demurrer was filed to plaintiff's evidence, no request was made for an instructed verdict, and defendants acquiesced in the submission of the issues to the jury. This court has held that under such circumstances, and where the sufficiency of the evidence is not attacked in any manner until the motion for a new trial is filed, the question whether there is any evidence reasonably sufficient to support defense is not presented for review by defendants' motion for a new trial and will not be considered by this court. Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Constantin Refining Co. v. Thwing Instrument Co., 72 Oklahoma, 178 Pac. 111; Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KANE, NICHOLSON, KENNAMER, and HARRISON, JJ., concur.