## OKLAHOMA UNION RAILWAY CO. v. MITCHELL.

No. 14777—Opinion Filed Oct. 28, 1924.

Rehearing Denied Dec. 23, 1924.

**1. Street Railroads—Injuries to Alighting Passenger from Sudden Starting of Car—Sufficiency of Petition.**

It is the duty of the street car company to stop its cars at appointed places a sufficient length of time to afford its passengers an opportunity, by the use of ordinary care and diligence, to alight therefrom while the train remains stationary, and a petition for damages for personal injuries that charges that the car was stopped for passengers to get off and while plaintiff was attempting to alight from the car and was in the act of alighting the car was suddenly started, without warning to him, and as a consequence of the sudden starting, and without fault on his part, he was violently thrown down the steps of the car to the ground and thereby injured, states sufficient facts to charge negligence.

**2. Appeal and Error—Review—Verdict on Conflicting Evidence.**

A verdict and judgment based upon conflicting evidence will not be disturbed on appeal where there is any competent evidence tending to support the verdict.

**3. Same—Objections Below—Insufficiency of Evidence.**

Where a demurrer is not interposed to the evidence or a directed verdict requested, the insufficiency of the evidence to sustain the verdict cannot be reviewed by the Supreme Court.

**4. Same—Evidence of Medical Expense in Damage Suit.**

Where an issue is raised as to medical expenses as an item of damages in an action for personal injuries, and the testimony of plaintiff is that the amount of this expense is about $300, and the defendant does not object to this testimony by demurrer or motion for a directed verdict, and the court charges the jury that they may consider the amount, if any, that has been paid by plaintiff for medical attention, not to exceed the amount of $300, and the jury finds for this amount in the verdict, plaintiff cannot complain of the judgment for lack of sufficient evidence to support it.

(Syllabus of Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by John H. Mitchell against Oklahoma Union Railway Company for damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

Biddison & Campbell and J. H. Grant, for plaintiff in error.

Elliot & Webb, for defendant in error.

Opinion by THREADGILL, C. The defendant in error, plaintiff in the trial court, obtained judgment, by verdict of a jury, against the plaintiff in error, defendant, for personal injuries as a passenger on its interurban street car in West Tulsa, caused by the negligence of the conductor and motorman, in starting the car while plaintiff was in the act of getting off.

1. Defendant contends that the petition did not state facts sufficient to charge negligence of the company. The paragraph in the petition stating the acts of negligence was as follows:

"That on the 18th day, or about the 18th day, of July, 1921, plaintiff was a passenger on one of the defendant's cars upon the said street of West Tulsa and that near the intersection of ———— street with the said

street railway company's tracks and same being located directly in front of the Carnay Drug Company, the plaintiff signaled to the conductor in charge of said car to stop the car for the purpose of allowing the plaintiff to alight therefrom; that the conductor walked from the rear of the car toward the front and did not remain at the rear of the coach to aid or assist the passenger to alight from said car; that said car was thereupon stopped or checked; when this plaintiff attempted to alight from said car but before he reached the outer steps, through the negligence and carelessness of the driver, motorman or conductor of said car or both of them, the said car was started suddenly without warning or notice to the plaintiff and while he was in the act of alighting therefrom; that this plaintiff had no notice or warning of any kind that the car would be started at that time. That in consequence of the negligence and carelessness of the defendant, its agents, and without fault or negligence of the plaintiff, the plaintiff was violently thrown down the steps of the said car and fell to the ground a distance and fall of possibly two and one-half (2½) or three (3) feet."

The negligence required to support the judgment in a case of this character is in starting the car or train while the passenger is in the act of alighting from or getting on the car. In 4 R. C. L. pages 1237 to 1241, section 655, under the head of Carriers, the subject is discussed and the following language is used:

"As has already been seen, it is the duty of a carrier of passengers under its contract of carriage to stop to receive passengers at proper places, and to discharge them safely at their destination, and it is necessarily implied from such duties that the carrier shall afford sufficient time and opportunity to passengers to board and leave its vehicles. In the case of a railroad company it is the generally accepted rule that it must exercise the utmost care, allow a 'reasonable' or, as it is sometime stated, a 'sufficient' time after stopping its train to permit passengers using reasonable diligence and care to board its cars or alight therefrom safely, and that having done this its duty is performed, unless it is charged with knowledge of facts or circumstances which render it negligent to set its train in motion. * * * 'If, however, even after a reasonable time has been given for passengers to alight from a train, the employe of the carrier in charge thereof know that a passenger is in the act of alighting therefrom, it is negligence to start the train while he is alighting. A railroad corporation is not excused from giving passengers a reasonable time to alight from its train at a station by the fact that its conductor did not know the passenger intended to alight, unless the latter was so situated as to con-

ceal himself from observation. The fact that a passenger proceeds to leave a train at a station where it has stopped ought to be known by the company through its servants, and therefore, so far as it is essential, it is deemed chargeable with knowledge."

Also (paragraph 656) the rule is applied to street railway and electric trains as distinguished from steam railroads as follows:

"While the rule applicable in the case of steam railroads, stated in the preceding paragraph, has been held by some decisions to apply to electric and cable street railroads, the better view is that in view of the greater ease and readiness with which street cars may be started and stopped, and of the fact that they have no regular stations or stopping places, a more onerous duty is imposed upon the persons in charge than in the case of ordinary railways, and such persons are required to see and know, before putting a car in motion, that no passenger is in a position which would be rendered perilous by doing so. * * * 'When a street car stops to allow a passenger to alight it must remain standing until all who wish to alight are safely off the car, and the driver or conductor must see and know, before starting again, that no one is in the act of alighting or in any other perilous position. A conductor who starts his car at a time when he knows a passenger is in the act of alighting is guilty of negligence as a matter of law. In some cases it has been held, however, that a conductor of a street car is not bound absolutely to see that an alighting passenger has safely alighted before starting the car, but such conductor is required to know, if in the exercise of due care, caution, and diligence he could know, that any person attempting to alight before permitting the car to start in such a manner as might be liable to injure him. So, also, reasonable care under the circumstances, and not great care, has been held to be the phrase to be used to measure the duty of a street car company to ascertain a passenger's desire to alight from where it stops preparatory to crossing a railroad track. If a passenger on a street car is evidently crippled, infirm or very young, the duty of the carrier towards him while alighting must be performed with due regard to such apparent condition. With reference to stage coaches the rule would seem to be the same as that governing street cars."

It has been held that the same rule applies to interurban cars. In the case of Birmington R. & Electric Co. v. Wildman, 119 Ala. 547, 124 South. 584, the court states:

"The mere fact that a passenger was injured at a point beyond the city limits where the car runs on schedule time and

stops only at regular stations does not change the rule."

In the case of Muskogee Electric Traction Co. v. Elsing, 86 Okla. 286, 208 Pac. 264, our court sets out the same principles and states the same rule as follows:

"In an action for injuries to a street car passenger, while endeavoring to alight from the car of the street railway company, where the court instructed the jury that the defendant street railway company owed to its passengers the duty to exercise the utmost care and diligence to afford them a reasonable opportunity to alight from its cars in safety, to stop such cars a reasonable length of time for the purpose, and to ascertain that its passengers who were attempting to alight had alighted from said cars before the same were again started, held the instruction correctly stated the law defining the duty of the defendant company to its passengers."

St. Louis & S. F. R. Co. v. Lee, 37 Okla. 545, 132 Pac. 1072; St. Louis & S. F. R. Co. v. Davis, 37 Okla. 340, 132 Pac. 337; Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 Pac. 271.

The courts of other states have followed the same rule as shown by the following cases: Bessenger v. Metropolitan Street R. R. Co., 79 App. Div. 32, 79 N. Y. Supp. 1017; Chicago West Div. R. R. Co. v. Mills, 105 Ill. 63; Patterson v. Omaha & C. B. R. & Bridge Co., 90 Iowa, 247, 57 N. W. 880; Louisville Ry. Co. v. Rammaker, 21 Ky. L. Rep. 250, 51 S. W. 175; Cramer v. Springfield Traction Co., 112 Mo. App. 350, 87 S. W. 24; Burger v. Omaha & C. B. S. R. R., 139 Iowa, 645, 117 N. W. 35, 130 A. S. R. 343, and notes; Girachek v. Milwaukee Elec. Ry. Co., 139 Wis. 505, 121 N. W. 326, 131 A. S. R. 1070.

In the light of these authorities we are persuaded that the allegations of negligence in plaintiff's petition were sufficient to state a cause of action against the defendant.

2. The defendant next complains that the evidence is not sufficient to sustain the judgment. The testimony was conflicting as to whether or not the car had stopped long enough for the plaintiff to alight. The plaintiff and his witnesses testified that the car stopped, and the plaintiff was making an effort to get off, and had his foot on the steps at the rear entrance, when the car suddenly started, and the conductor and motorman testified that the car had started before plaintiff made an effort to get off. The testimony is also conflicting as to the extent of the injuries sustained by the plaintiff, and these were matters for the jury to consider and pass on under proper instructions of the court, and there being testimony to support the verdict of the jury, this court will not undertake to pass on the credibility of the witnesses, and the weight and value to be given to their testimony. This rule is of such long standing and has been so often repeated by this court it needs no citation of authorities to support it.

3. It is suggested by the plaintiff, in his brief, that the defendant is not in a position to raise the question of the sufficiency of the evidence for the reasons it did not interpose a demurrer to the evidence, and did not request a directed verdict in the trial court, citing Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094, where the rule is stated as follows:

"Where a demurrer is not interposed to the evidence or a directed verdict requested the insufficiency of the evidence to sustain the verdict cannot be reviewed by the Supreme Court."

Constantin Refining Co. v. Thwing Instrument Co., 72 Okla. 16, 178 Pac. 111; Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253; Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484.

We have made diligent search of the record to determine whether or not the defendant demurred to the evidence or requested an instructed verdict, and we find that defendant failed in these respects, and we must therefore hold that its objections to the evidence on appeal are not well taken.

4. Defendant complains of paragraph No. 7 of the court's instruction to the jury, which was as follows:

"If you find for the plaintiff in this case, in determining the amount of damages he should recover, you may take into consideration the pain and suffering, both mental and physical, that has been endured by the plaintiff, and if you find that the plaintiff will continue to endure pain and suffering, you may also take that into consideration. You may also consider the amount, if any, that has been paid by the plaintiff for medical attention, not to exceed the amount of $300, and if you return a verdict for the plaintiff, the total amount of such verdict must not exceed the sum of $20,000, the amount sued for."

Defendant's objection goes to the latter part of this instruction. It contends that the testimony was too indefinite and uncertain to prove medical fees. The plaintiff testified that the amount he had paid out and that he was to pay would be about $300. The defendant having failed to de-

mur to the evidence or to ask for an instructed verdict, is not in a position to urge an objection to the instruction of the court involving a consideration of the evidence to determine whether or not it was correct or erroneous. On this point plaintiff calls attention to the cases of Weleetka Light & Water Co. v. Northrop, 42 Okla. 561, 140 Pac. 1140; Mercantile Trust Co. v. Hensey, 205 U. S. 298, 51 L. Ed. 811, which support the following rule:

"Evidence imperfect or objectionable in detail together with conclusion of witnesses as to the amount of damages may be sufficient to sustain a judgment, where no point is made on the trial in regard to absence of sufficient, perfect or unobjectionable evidence."

We think this rule is applicable to the testimony as to the medical fees in the case. The defendant not having made proper objections to this evidence, in the trial of the case, cannot complain on appeal. Finding no substantial error of the court in the record, we recommend that the judgment be affirmed.

By the Court: It is so ordered.